## TEXAS BANK & TRUST CO. v. TEICH.
### (No. 6953.)

(Court of Civil Appeals of Texas. Austin. Oct. 27, 1926.)

**I. Homestead ⚖⇒17.**

Two town lots, assessed at $900, occupied by nurse and helpless invalid adult sister whom she supported, *held* homestead.

**2. Appeal and error ⚖⇒389(1).**

Litigant need not sell or incumber exempt property to give security for costs on appeal, in view of Rev. St. 1925, art. 1866.

Appeal from District Court, Travis County; George Calhoun, Judge.

Action between the Texas Bank & Trust Company and E. A. Teich, where the former appeals. On motion by E. A. Teich to require clerk to issue mandate without payment of costs. Motion granted.

Cofer & Cofer, of Austin, for appellee.

McCLENDON, C. J. Motion by appellee to require clerk to issue mandate without payment of costs.

[1] Appellee filed the affidavit required by R. S. 1925, art. 1866. Appellant contested the affidavit, deposing that appellee owned two lots in the city of Austin assessed for taxes at $900. Appellee filed a counter affidavit to the effect that she is the head of a family, consisting of herself and a helpless invalid adult sister whom she supports from her earnings as nurse, that she and her sister live upon the property as a home, and have so lived since 1923. The property, she claims, is therefore homestead. Other than as to this property, appellee has fully complied with article 1866.

[2] That the property is homestead follows from the following as well as other cases in this state. Wolfe v. Buckley, 52 Tex. 641; American Nat. Bank v. Cruger, 31 Tex. Civ. App. 17, 71 S. W. 784 (writ of error refused).

"A litigant need not sell or incumber exempt property, in order to give security for costs on appeal." Boone v. McBee (Tex. Civ. App.) 280 S. W. 295.

Motion granted.