R. T. PINCHBACK ET AL V. MINNIE HOCKLES ET AL.

Motion No. 15558. (Cause No. 7736.) Decided July 22, 1942.
(164 S. W., 2d Series, 19.)

*P. D. Renfro, A. C. Keen* and *David L. Broadus,* all of Beaumont, for petitioners Minnie Hockless and others, defendants in error.

*Nelson Jones* and *R. E. Seagler,* both of Houston, and *Orgain, Carroll & Bell* and *Will E. Orgain,* all of Beaumont, for contestants, plaintiffs in error.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

In the above cause the respondents, Minnie Hockles and W. B. West, have filed herein a motion to issue the mandate without the payment of costs. They have filed affidavits of inability to pay the costs as provided in Rule 508, Texas Rules of Civil Procedure. The motion was duly contested by petitioners as authorized by Rule 355, Texas Rules of Civil Procedure.

The affidavit filed in support of the motion and the contest show that the respondent West is a practicing attorney of long experience and considerable practice, who has his own office, and owns his office equipment, an automobile, and his homestead. He had dealt considerably in real estate. In 1939 he was paid a cash consideration of $3,000.00 for an oil and gas mining lease on an undivided interest in the land in question. No showing is made as to the credit rating of either of the parties, nor as to their ability to borrow funds with which to pay the costs.

It is asserted by West that since he is the head of a family, and all of his property is exempt to him as such, he cannot be required to mortgage or sell any of such property in order to secure funds with which to pay the costs, and since he has no cash on hand he is entitled to the issuance of a mandate without the payment of costs.

This Court has frequently passed on the question of the right of a party to have the mandate issued without the payment of costs, but as such question arises only on motion, it has not been customary to publish an opinion on the question.

However, in view of the frequency with which questions arise in trial and appellate courts concerning the rights of parties under the various rules permitting the filing of an affidavit of inability to pay costs, or give security therefor, we deem it proper to publish an opinion on these questions for the guidance of trial and appellate courts.

■ There are numerous rules in force in this State which permit a party to prosecute his suit through its various phases without being required to pay the costs, or give security therefor, upon his making affidavit of his inability to do so. Texas Rules of Civil Procedure, 145, 333, 355, 361, 444, 508, and 572. These rules are all intended to accomplish the same purpose and are entitled to substantially the same construction. They were adopted to protect the weak against the strong, and to make sure that no man should be denied a forum in which to adjudicate his rights merely because he is too poor to pay the court costs.

Where, from the record as a whole, it really appears that a party is unable to pay the costs, or give security therefor, the court should unhesitatingly grant the relief prayed for. On the other hand, it must be remembered that if a party is relieved of the necessity of paying the costs for which he is otherwise liable, those who file the papers, serve the process, or prepare the statement of facts or transcript may have to do their work without pay. Likewise, the witnesses who are compelled to leave their employment in order to attend court may have to go uncompensated for the time lost by them. Some of them may be as poor as the party who seeks to be exempted from the payment of the costs. No man should be allowed the privilege of requiring others to thus work for him without pay if he is really able to pay the costs, or give security therefor. The rules which exempt the poor from the payment of costs serve a useful purpose, but if the courts allow the privilege granted thereby to be abused by those who, in fact, ought to pay, this may lead to the abolition of the exemption.

■ There are authorities which hold that a party in order to secure the benefit of the various rules permitting him to prosecute a suit and to secure his right under an affidavit of inability to pay the costs, or give security therefor, is not required to either sell or encumber exempt property for the purpose of procuring money for the payment of such costs. Rutherford v. Vandygriff (Texas. Civ. App.), 73 S. W. (2d) 69; Wil-

lians v. Jones (Texas Civ. App.), 5 S. W. (2d) 867; Boone v. McBee (Texas Civ. App.), 280 S. W. 295; Black v. Snedecor, 60 Texas Civ. App. 125, 127 S. W. 570; Murray v. Robuck (Texas Civ. App.), 89 S. W. 781; Texas Bank & Trust Co. v. Teich (Texas Civ. App.), 287 S. W. 666; 3 Tex. Jur. 354, 1285. We do not think that such a rule can be laid down as a hard and fast one applicable alike in all cases. In passing on the ability to pay costs, or give security therefor, and the rights of a party to be exempted therefrom, the court must look to the facts as a whole in the light of the objects intended to be accomplished. Obviously, if a laborer was barely earning the necessities of life for himself and family, ordinarily he should not be required to mortgage his hand tools or household furniture in order to raise funds to pay the court costs. On the other hand, if a party has a credit rating that will enable him to borrow the money, or if he is earning a substantial income, although he is expending it as rapidly as it comes in, or if he owns an automobile or truck or other valuable property, although exempt from execution, which he could mortgage or otherwise dispose of and thereby secure the necessary funds without depriving himself and his family of the necessities of life, he should be required to pay the costs, or give security therefor.

■ Where a party files such an affidavit and it is contested, the burden of proof is on the applicant. Texas Rules of Civil Procedure, No. 355. Under such circumstances the real criterion is: Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good faith effort to do so?

Under the facts shown by the affidavits in this case we are of the opinion that the respondents have not met the burden of proof placed on them by Rule 355, and for that reason their motion to have the mandate issued without the payment of costs is overruled.

Opinion delivered July 22, 1942.