*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★  ★  ★                                    ★  ★  ★

## MEMORANDUM OPINION

No. 04-08-00779-CV

Kristofer Thomas **KASTNER**,
Appellant

v.

**MARTIN & DROUGHT, P.C.** f/k/a Martin, Drought, Inc. and f/k/a Martin,
Drought & Torres, Inc., Gerald T. Drought, and Dain A. Dreyer,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 08-CI-12370
Honorable Michael Peden, Judge Presiding

### INTERLOCUTORY OPINION ON APPEAL OF ORDER
### SUSTAINING CONTESTS TO AFFIDAVIT OF INABILITY TO PAY COSTS

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Catherine Stone, Chief Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed:   March 11, 2009

ORDER SUSTAINING CONTESTS TO AFFIDAVIT OF INABILITY TO PAY COSTS AND
FINDING APPEAL FRIVOLOUS AFFIRMED

Kristofer Thomas Kastner challenges the trial court's order sustaining the contests filed to

his affidavit of inability to pay costs and finding his appeal frivolous.  We affirm the trial court's

order.

Kastner filed a notice of appeal from the trial court's order granting a take nothing summary judgment and a severance in favor of appellees Martin & Drought, P.C. f/k/a Martin, Drought, Inc. and f/k/a Martin, Drought & Torres, Inc., Gerald T. Drought, and Dain A. Dreyer. Kastner filed a late affidavit of inability to pay costs in this court and a motion for extension of time to file the affidavit. We granted the motion to extend time to file the affidavit and entered an order requiring the trial court clerk to file the affidavit. *See Higgins v. Randall County Sheriff's Office*, 193 S.W.2d 898, 899-900 (Tex. 2006).

After the affidavit was filed in the trial court, appellees, the trial court clerk, and the court reporter filed contests to Kastner's affidavit of inability to pay. Appellees also asked the trial court to deny Kastner a free record on the ground that his appeal is frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2)(A) (Vernon 2002) (stating indigent appellant entitled to free record if appeal is not frivolous). Following a hearing, the trial court sustained the contests and found Kastner's appeal frivolous. Kastner appealed the trial court's order on indigency. We therefore ordered the parties to file briefs on the indigency and frivolity issues. Briefs were filed by Kastner and appellees.

Generally, a party may proceed on appeal without advance payment of costs if (1) he files an affidavit of indigence in compliance with rule 20.1 of the Texas Rules of Appellate Procedure, (2) his claim of indigence is not contested or any contest is not sustained, and (3) he files a timely notice of appeal. *See* TEX. R. APP. P. 20.1(a). The affidavit of indigence must identify the party filing it and state what amount of costs, if any the party can pay. R. 20.1(b). It must also contain the information mandated by rule 20.1(b). *Id.* The trial court clerk, the court reporter, or any party may challenge the claim of indigence by filing a contest to the affidavit. R. 20.1(e). If a contest is filed,

the party who filed the affidavit must prove the allegations in the affidavit. R. 20.1(g). In the trial court, the test for determining indigence is whether the applicant shows, by a preponderance of the evidence, that he would be unable to pay the appellate costs, or a part thereof, "if he really wanted to and made a good faith effort to do so[.]" *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008) (quoting *Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19, 20 (1942)). On appeal, we review the trial court's decision for abuse of discretion. *In re Smith*, 70 S.W.3d 167, 168 (Tex. App.–San Antonio 2001, no pet.); *but see Baughman v. Baughman*, 65 S.W.3d 309, 316 n.5 (Tex. App.–Waco 2001, pet. denied) (holding standards for reviewing sufficiency of evidence should be used to review trial court's ruling on indigency).

Kastner filed an affidavit and a response to the contests, each with attachments. Kastner did not appear at the hearing – his request to appear telephonically was denied. The evidence presented by Kastner shows he earns approximately $1,440 gross and $1,280 net as a "telephone appointment setter" with Admiral Service of Houston, Texas. He asserts he has no other source of income and does not contend he receives any public entitlements. He claims he sometimes earns less if is he unable to work a full 40-hour-week because of "hurricanes, natural disasters and . . . court hearings." He states he has about $54 in cash and has personal property worth less than $3,000. Kastner avers he has no car and spends approximately $978 monthly for various expenses, including rent, storage fees, food, transportation, haircuts, payments to the State of Texas, office supplies, and expenses to prosecute pending lawsuits. He presented evidence of the costs accrued in this matter, which he claims have reached more than $1,871. He swears he owes approximately $98,700, which includes student loans in the amount of $95,000, $2,400 for a computer, $300 for bank overdraft charges, and $1,000 for credit cards. He admits his academic degrees are worth $150,000, "but are not saleable."

He swears he has attempted to obtain bank loans, but was denied, and was denied "credit of $1700 for a root canal." He states that he spends nights and weekends to prosecute this suit and "other litigation" in which also he appears pro se. He admits that he "pay[s] the associated fees and expenses for each of these cases" and that these cases "consume additional resources." He states he is single and has no dependents.

At the hearing in response to Kastner's claims in his affidavit and documentation, the contesting court officials submitted a copy of the Federal Register demonstrating the 2008 federal poverty guideline for a single person without dependents was $10,400.[1] They then showed that by Kastner's own statements, his income – gross or net – exceeds the guideline. The court officials also pointed out that Kastner admits that when he does not work a 40-hour-week, it is sometimes due to court hearings and that he is unable to make more money because he has to spend all of his spare time working on this lawsuit as well as the others he has filed and for which he appears pro se.

Appellees pointed out that the current suit is the second suit by Kastner against them in which he claims they committed legal malpractice and breached their fiduciary duty to him when they represented him before the Texas Board of Legal Examiners, which had denied Kastner a law license because of his criminal history and chemical dependency. *See Kastner v. Martin & Drought, Inc.*, No. 04-07-00342-CV, 2009 WL 260601, at *1 (Tex. App.–San Antonio Feb. 4, 2009, no pet. h.) (mem. op.). Appellees argued Kastner filed an affidavit of indigence in the first suit, which was essentially the same as the one currently before the court, and indigency status was denied by the trial court. That order was affirmed by this court. *See Kastner v. Martin & Drought, Inc.*, No. 04-07-00342-CV, 2007 WL 3171378 (Tex. App.–San Antonio Oct. 31, 2007, pet. denied) (mem. op.).

---

[1] Upon request, the trial court took judicial notice of the Federal Register provision setting forth the 2008 poverty guideline for a single person with no dependents.

They also argued that Kastner is intentionally underemployed – he admittedly has college and law degrees, but he works as a telephone appointment setter for $9.25 an hour and often does not work full-time at that job. Appellees also pointed out the myriad of lawsuits that Kastner has filed and is currently pursuing.

In reviewing the record and considering the arguments in the briefs, we find no abuse of discretion by the trial court. There is evidence that Kastner, a college and law school graduate, earns more than the applicable federal poverty guideline and that he could earn more if he desired. Accordingly, there is evidence that Kastner could pay the costs of appeal "if he really wanted to and made a good faith effort to do so[.]" *See Higgins*, 257 S.W.3d at 686 (quoting *Pinchback*, 164 S.W.2d at 20).

In addition to contesting the affidavit of indigence, appellees filed a separate motion alleging Kastner's current appeal is frivolous and therefore he is not entitled to proceed without payment of costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2)(A) (Vernon 2002). Appellees' frivolity claim is based on their contention that the current suit is nothing more than the refiling of the first suit Kastner filed against them in 2006, which he lost on summary judgment and appealed to this court.[2] According to appellees' evidence, the only difference is the addition of another law firm as a defendant. In support of their contention, appellees presented a copy of their motion for summary judgment, which was based on res judicata, and the trial court's order granting their motion. Appellees also presented evidence to the trial court showing that two other suits filed by Kastner in federal court had been dismissed as frivolous, as well as evidence that Kastner had filed suits in other courts relating to this same matter.

---

[2] While the issue of indigency and frivolity was pending in this current appeal, Kastner's appeal in the first suit he filed against appellees was decided against him in this court. *See Kastner*, 2009 WL 260601, at *1, *6.

We ordered Kastner to address the issue of frivolity in his brief. Our order stated, in pertinent part:

> It is therefore ORDERED that appellant file a brief, limited to the issue of the trial court's ruling on his affidavit of inability to pay costs, **including the trial court's determination that appellant's appeal is frivolous** no later than fifteen days from the date of this order.

(emphasis added) However, Kastner did not present any argument regarding the finding by the trial court that his appeal is frivolous. Rather, he merely stated in his brief that his affidavit of inability to pay costs was not frivolous. There is nothing in the record or the briefs that would warrant our finding an abuse of discretion by the trial court with regard to its finding the appeal frivolous.

Because the trial court did not abuse its discretion, we affirm its order sustaining the contests and finding Kastner's appeal frivolous. Kastner is therefore not entitled to proceed in this appeal without advance payments of costs, including payment of the filing fee.

Steven C. Hilbig, Justice