Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★  ★  ★  ★  ★  ★  ★

# MEMORANDUM OPINION

No. 04-08-00779-CV

Kristofer Thomas **KASTNER**,
Appellant

v.

**MARTIN & DROUGHT, P.C.** f/k/a Martin, Drought, Inc. and f/k/a Martin,
Drought & Torres, Inc., Gerald T. Drought & Dain A. Dreyer,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-12370
Honorable Michael Peden, Judge Presiding

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
             Steven C. Hilbig, Justice
             Marialyn Barnard, Justice

Delivered and Filed:   April 8, 2009

MOTION FOR EXTENSION OF TIME TO PAY FILING FEE DENIED AND APPEAL
DISMISSED

When appellant Kristofer Thomas Kastner filed this appeal, he was required to pay a $175.00

filing fee. *See* TEX. GOV'T CODE ANN. §§ 51.207(b)(1), 51.941(a) (Vernon 2005); *id.* §§ 51.208,

51.0051 (Vernon Supp. 2008); TEXAS SUPREME COURT ORDER REGARDING FEES CHARGED IN CIVIL

CASES IN THE SUPREME COURT AND THE COURTS OF APPEALS AND BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION (Misc. Docket No. 07-9138, Aug. 28, 2007) § B.1.(a). Appellant did not pay the required filing fee. Instead, on November 12, 2008, appellant filed an untimely affidavit of inability to pay costs and a motion to extend time to file the affidavit. We granted the motion to extend time to file the affidavit and entered an order requiring the trial court clerk to file the affidavit. *See Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898, 899-900 (Tex. 2006). After the affidavit was filed in the trial court, appellees, the trial court clerk, and the court reporter filed contests to appellant's affidavit of inability to pay. *See* TEX. R. APP. P. 20.1(e). Appellees also asked the trial court to find the appeal frivolous. Following a hearing, the trial court sustained the contests and found the appeal frivolous. Appellant appealed the indigency order and we ordered appellant and appellees to file briefs, which they did.

After reviewing the briefs, we held the trial court did not abuse its discretion in sustaining the contests, finding there was evidence appellant could pay the costs of appeal "if he really wanted to and made a good faith effort to do so[.]" *Kastner v. Martin & Drought, P.C.*, No. 04-08-00779-CV, 2009 WL 618698, at *3 (Tex. App.–San Antonio Mar. 11, 2009, no pet. h.) (mem. op.) (interlocutory opinion on appeal of order sustaining contests to affidavit of inability to pay costs) (citing *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008) (quoting *Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19, 20 (1942)). We also held there was no abuse in finding the appeal frivolous. Accordingly, we affirmed the order sustaining the contests and finding the appeal frivolous and held appellant "was not entitled to proceed in this appeal without advance payment of costs, including payment of the filing fee." *Kastner*, 2009 WL 618698, at *3.

On the same day we issued our interlocutory opinion on indigency and frivolity, we also issued an order in which we ordered appellant "to pay the filing fee of $175.00 to this court on or before March 26, 2009," or risk dismissal for want of prosecution. *See* TEX. R. APP. P. 42.3. Rather than paying the filing fee, appellant filed a motion to extend time to pay the filing fee. In his motion, and contrary to the trial court's finding and this court's interlocutory opinion, appellant still insists he "has no means of paying the $175 filing fee." He does not provide the court with any information or a date by which he might be able to provide payment, nor did he provide even a partial payment.

The filing fee has not been paid and appellant has provided no excuse for non-payment other than his inability to pay, which has already been rejected by this court. We therefore deny appellant's motion for extension of time to pay the filing fee, and **order** this appeal dismissed for want of prosecution. We further **order** appellant to bear all costs of this appeal.


PER CURIAM