NO. 07-10-00085-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



MAY
11, 2010

 



 

STACY L. CONNER, APPELLANT

 

v.

 

TIM JOHNSON, APPELLEE 



 



 

 FROM THE 72ND DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-544,345; HONORABLE RUBEN GONZALES REYES, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

ORDER REFERRING
INDIGENCY DETERMINATION

 

            On
April 12, 2010, appellant Stacy L. Conner filed with this Court an affidavit of
indigency. 
Pursuant to the Rules of Appellate Procedure, our clerk gave notice to
the trial court clerk and reporter of appellant’s filing of the affidavit,
giving a deadline for filing a contest. 
Tex. R. App. P. 20.1(d)(2).  On April 23, the trial court clerk timely
filed a contest of appellant’s affidavit of indigency.  On May 10, 2010, Conner filed a response to
the trial court clerk’s contest.   

            Generally,
a party may proceed on appeal without advance payment of
costs if (1) he files an affidavit of indigence in compliance with Rule 20.1 of the appellate rules,
(2) his claim of indigence is not contested or any contest is not sustained,
and (3) he files a timely notice of appeal. See Tex. R. App. P. 20.1(a).
 The trial court clerk, the court reporter, or
any party may challenge the claim of indigence by filing a contest to the affidavit. Tex. R. App. P.
20.1(e).   

When,
as here, the affidavit of indigence is filed in an appellate court and a
contest is filed, the appellate court has four options, one of which is to
refer the matter to the trial court with instructions to hear evidence and
grant the appropriate relief.  Tex. R.
App. P. 20.1(h)(4). 
The party who filed the affidavit bears the burden to prove his indigency. 
Tex. R. App. P. 20.1(g).
The test for determining indigence is whether the
record as a whole shows, by a preponderance of the evidence, that the applicant
would be unable to pay the appellate costs, or a part thereof, "if he
really wanted to and made a good-faith effort to do so[.]" Higgins v. Randall County Sheriff's
Office, 257
S.W.3d 684, 686 (Tex. 2008) (quoting Pinchback v. Hockless, 139 Tex. 536, 164 S.W.2d 19, 20
(1942)).

Accordingly, we refer this matter to the trial court, the 72nd
District Court of Lubbock County, for a determination of appellant’s indigency. See
Tex. R. App. P. 20.1(h)(4).  The trial court is directed to hold a hearing,
hear evidence, and grant appropriate relief pursuant to Rule 20.1(h)(4).  Unless, within
ten days of the date of this Order, the trial court signs an order
extending the time to conduct the required hearing, the hearing shall be
conducted within that ten-day period.  See Tex. R. App. P. 20.1(i)(2).  The hearing date may not be extended more
than twenty days from the date the extension order is signed. Tex. R. App. P.
20.1(i)(3).

            Unless, within the period set for
the hearing, the trial court signs an order sustaining its clerk’s contest,
appellant’s affidavit’s allegation of his indigency
shall be deemed true, and he shall be allowed to proceed without advance
payment of costs.  Tex. R. App. P. 20.1(i)(4).

 

The trial court shall make such findings of fact and render
such orders as the court finds appropriate.  Findings and orders shall be included in a
clerk's record.  A reporter's record of
the indigency hearing shall be prepared.  Both records shall be prepared at no cost to
appellant, and shall be filed with this Court’s clerk promptly after their
preparation, and in any event no later than June 10, 2010.

It
is so ordered.

 

Per
Curiam