

**NUMBERS 13-09-00402-CV**
**13-09-00678-CV**
**13-09-00679-CV**
**13-10-00091-CV**
**13-10-00092-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DEAN CORY ROBLIN,**                                                                 **Appellant,**

**v.**

**DEBORAH SUSAN BRIGGS,**                                                        **Appellee.**

---

**On Appeal from the County Court at Law No. 1**
**of Montgomery County, Texas.**

---

# MEMORANDUM OPINION ON REHEARING

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion on Rehearing Per Curiam**

After considering appellant, Dean Cory Roblin's, motion for rehearing, we deny the motion; however, we withdraw our opinion and judgment of June 9, 2011, and substitute the following.

Roblin, in appellate cause numbers, 13-09-00402-CV, 13-09-00678-CV, 13-09-00679-CV, 13-10-00091-CV, and 13-10-00092-CV, appealed a judgment entered by the County Court at Law No. 1 of Montgomery, County. In all five causes, Roblin filed an affidavit of indigence with this Court. However, on October 28, 2010, in *Roblin v. Briggs*, No. 13-09-00475-CV, 2010 Tex. App. LEXIS 8655, at *12 (Tex.–Corpus Christi Oct. 28, 2010, no pet.) (mem. op.), this Court concluded that Roblin had not met his burden of showing that he was indigent; and therefore Roblin was not entitled to a free record.

On May 16, 2011, the Clerk of this Court notified Roblin, in accordance with Texas Rules of Appellate Procedure 42.3(c), that we would dismiss his appeals unless the $175.00 filing fees were paid. *See* TEX. R. APP. P. 42.3(c). Roblin neither responded to the notice from the Clerk nor paid the $175.00 filing fees in each cause. *See id* 5, 12.1(b).

## I.    ROBLIN'S MOTION FOR REHEARING

On June 9, 2011, we dismissed Roblin's appeals in all five cause numbers for want of prosecution. *See Roblin v. Briggs*, Nos. 13-09-00402-CV, 13-09-00678-CV, 13-09-00679-CV, 13-10-00091-CV, 13-10-00092-CV, 2011 Tex. App. LEXIS 4371, at *2 (Tex. App.—Corpus Christi June 9, 2011, no pet. hist.) (mem. op.) (per curiam). On June 20, 2011, Roblin filed a motion for rehearing complaining that: (1) he is disabled and only has money to pay for his rent, food, and gas; (2) "there has been no official

2

ruling by Judge Watson, County Court at Law No. 1 as to the validity of [his] Affidavit of Inability to Pay Costs under the above styled and numbered case"; (3) Briggs has not officially challenged his affidavit of inability to pay costs in the other five cases; (4) that this Court's action is the only official ruling against his inability to pay costs; (5) this Court has denied him justice by dismissing his appeals for lack of payment; (6) that his affidavit was "recognized by the Court Reporter of County Court at Law No. 1"; and (7) he has "asked the Court in the past if, as a last resort, it would accept payments for the Appeal Fee [sic] and to date, have never been given a response."[1]

## A.    Background

On May 28, 2009, the trial court signed a divorce decree awarding Roblin "various pieces of personal property, including three cars, an eight-person spa, $12,000 to be paid by appellee, Deborah Susan Briggs, and rights to his personal retirement accounts and life insurance proceeds."[2]  *Roblin*, 2010 Tex. App. LEXIS 8655, at *1 (footnotes omitted).   On June 17, 2009, Roblin filed an appeal with this Court challenging the final divorce decree.  *Id.* at *2.  Roblin also filed an affidavit of indigence, which Briggs challenged.[3]  In her response to Roblin's affidavit of indigence, Briggs stated that Roblin "failed to mention in his indigence affidavit that he has a retirement account valued at approximately $ 15,000 and that he owns two other vehicles—a 1974

---

[1] There is nothing in our records showing that Roblin requested making payments toward the filing fees or that he attempted to make any payments in any of his appeals.

[2] The record reflects that the divorce decree was an agreed order that was reached after mediation.  However, Roblin did not sign the order.

[3] In his affidavit of indigence, Roblin claimed that "he:  (1) earned $ 1,506 per month in income as a governmental employee for Montgomery County 4; (2) was owed $ 12,000 from appellee, but she failed to make the payment; (3) had $ 1,690 in monthly obligations; (4) owned one car—a 2002 Mitsubishi Galant of unknown value—and some various pieces of personal property; and (5) did not own any stocks, bonds, or real property."  *Roblin v. Briggs*, No. 13-09-00475-CV, 2010 Tex. App. LEXIS 8655, at *2 (Tex.—Corpus Christi Oct. 28, 2010, no pet.) (mem. op.).

Mercury Cougar and a 1979 Ford pickup truck—awarded to appellant in the divorce decree." *Id.* at **2-3.

On July 1, 2009, the trial court held a hearing on Briggs's contest to Roblin's claim of indigence. *Id.* On July 7, 2009, the trial court sustained Briggs's contest and denied Roblin's request for indigent status after reviewing the evidence and hearing the parties' arguments. *Id.* The trial court ordered Roblin to pay all costs associated with his appeal. Roblin appealed the trial court's determination that he is not indigent. *Id.* at *5. On October 28, 2010, this Court affirmed the trial court's determination and concluded that Roblin had not sustained his burden of proving that he is indigent and that the trial court did not abuse its discretion in sustaining Briggs's contest and denying Roblin's indigence status.[4] *Id.* at **12-13.

Roblin also filed five other appeals arising out of the final divorce decree.[5] On May 16, 2011, this Court informed Roblin that he was delinquent in remitting a $175.00 filing fee in each of those cause numbers, a $10 fee for his motion to combine all of the suits into one appeal filed on October 14, 2010, and a $10 fee for his motion for extension of time to file an amended brief filed on June 14, 2010. We also noted that although the clerk's record, reporter's record, and appellant's brief had been received in

---

[4] In our analysis, we noted the following:

[T]here is nothing in the record before us, besides appellant's bald assertions and allegations, demonstrating that appellant satisfied his burden of proving indigence. Appellant is gainfully employed by Montgomery County, earning $ 27,343.66 in gross income per year, and he has not provided sufficient evidence demonstrating his monthly obligations. Moreover, the record does not contain documentation establishing appellant's net income per year.

*Id.* at **12-13.

[5] These are the cause numbers in those appeals: 13-09-00402-CV; 13-09-00678-CV; 13-09-00679-CV; 13-10-00091-CV; and 13-10-00092-CV. In cause numbers 13-09-00402-CV, 13-09-00678-CV, 13-09-00679-CV, and 13-10-00092-CV, we denied Roblin's motions to grant indigent status on January 7, 2011.

cause number 13-10-00091-CV, the filing fee of $175.00 was due and that Roblin had not remitted that amount to this Court. We informed Roblin that pursuant to rule 42.3(c) of the Texas Rules of Appellate Procedure, his appeals were subject to dismissal because he had failed to comply with this Court's previous notice regarding the filing fees in these matters. We warned Roblin that if the filing fees were not paid within ten days from the date of receipt of the notice, we would dismiss his appeals.

## B.    Discussion

All five of Roblin's appeals arose out of the final divorce decree.[6] The trial court that signed the divorce decree, upon Briggs's challenge, has concluded that Roblin is not indigent, and we have affirmed that decision.[7] *See id.* Therefore, there has been a challenge filed by Briggs to Roblin's indigent status, and the trial court has made a determination of non-indigence. *Id.* We are not at liberty to reverse that determination.

Next, at the indigency hearing, Roblin claimed that he had medical bills; however, he offered no evidence to substantiate that claim.[8] Moreover, the trial court heard evidence that Roblin is a deputy district clerk for Montgomery County and makes a gross income of $27,343.66.[9]

---

[6] On May 4, 2010, we notified Roblin that his appeals in cause numbers 13-09-00402-CV; 13-09-00678-CV; 13-09-00679-CV; 13-10-00091-CV; and 13-10-00092-CV had been consolidated for briefing purposes only.

[7] We have again reviewed the record in that case.

[8] In fact, at the indigency hearing, Roblin stated that he did not have any documentation concerning any of his bills because that information was at home.

[9] We note that at the indigency hearing, Roblin stated that he was not claiming indigency. Roblin stated that he was not indigent because he has a job and is "fully employed." Instead, Roblin claimed that he was "simply saying that [he is] unable to pay costs at this time due to [his] current monthly obligation." Later, when informed that pursuant to the rules of appellate procedure, Roblin was required to claim indigency, Roblin stated that he was in fact indigent because he "has no money."

Finally, although the reporter may have filed the reporter's record in one of Roblin's appeals, the determination of indigence, once challenged, is made by the trial court. *See Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008) ("If the affidavit is contested, the burden is on the applicant to prove indigence by a preponderance of the evidence.") (quoting *Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19, 20 (1942)).

## II. CONCLUSION

Accordingly, we deny Roblin's motion for rehearing. Moreover, the Court, having considered the documents on file and Roblin's failure to pay the filing fee, is of the opinion that the appeals should be dismissed. *See id.* 42.3(b), (c). The appeals in cause numbers 13-09-00402-CV, 13-09-00678-CV, 13-09-00679-CV, 13-10-00091-CV, and 13-10-00092-CV are dismissed for want of prosecution.

PER CURIAM

Delivered and filed the
14th day of July, 2011.