NUMBERS 13-09-00402-CV

                                                          13-09-00678-CV

                                                          
13-09-00679-CV

                                                          
13-10-00091-CV

                                                          
13-10-00092-CV         

 

                                 COURT OF APPEALS

 

                     THIRTEENTH DISTRICT OF TEXAS

 

                         CORPUS CHRISTI - EDINBURG 

____________________________________________________________

 

DEAN CORY ROBLIN,                                                                  Appellant,

 

                                                             v.

 

DEBORAH SUSAN BRIGGS,                                                        Appellee.


____________________________________________________________

 

                    On Appeal from the County Court at Law No. 1 

                                  of Montgomery
County, Texas.

____________________________________________________________

 

                  MEMORANDUM
OPINION ON REHEARING

 

     Before
Chief Justice Valdez and Justices Rodriguez and Garza

Memorandum Opinion on Rehearing Per
Curiam

            After considering appellant, Dean Cory
Roblin’s, motion for rehearing, we deny the motion; however, we withdraw our
opinion and judgment of June 9, 2011, and substitute the following.

Roblin, in appellate
cause numbers, 13-09-00402-CV, 13-09-00678-CV, 13-09-00679-CV, 13-10-00091-CV,
and 13-10-00092-CV, appealed a judgment entered by the County Court at Law No.
1 of Montgomery, County.  In all five causes, Roblin filed an affidavit of
indigence with this Court.  However, on October 28, 2010, in Roblin v.
Briggs, No. 13-09-00475-CV, 2010 Tex. App. LEXIS 8655, at *12 (Tex.–Corpus
Christi Oct. 28, 2010, no pet.) (mem. op.), this Court concluded that Roblin
had not met his burden of showing that he was indigent; and therefore Roblin
was not entitled to a free record.

            On May 16, 2011, the Clerk of this
Court notified Roblin, in accordance with Texas Rules of Appellate Procedure
42.3(c), that we would dismiss his appeals unless the $175.00 filing fees were
paid.  See Tex. R. App. P.
42.3(c).  Roblin neither responded to the notice from the Clerk nor paid the
$175.00 filing fees in each cause.  See id 5, 12.1(b).

I.          Roblin’s Motion for Rehearing

On June 9, 2011, we
dismissed Roblin’s appeals in all five cause numbers for want of prosecution.  See
Roblin v. Briggs, Nos. 13-09-00402-CV, 13-09-00678-CV, 13-09-00679-CV,
13-10-00091-CV, 13-10-00092-CV, 2011 Tex. App. LEXIS 4371, at *2 (Tex. App.—Corpus
Christi June 9, 2011, no pet. hist.) (mem. op.) (per curiam).  On June 20,
2011, Roblin filed a motion for rehearing complaining that:  (1) he is disabled
and only has money to pay for his rent, food, and gas; (2) “there has been no
official ruling by Judge Watson, County Court at Law No. 1 as to the validity
of [his] Affidavit of Inability to Pay Costs under the above styled and
numbered case”; (3) Briggs has not officially challenged his affidavit of
inability to pay costs in the other five cases; (4) that this Court’s action is
the only official ruling against his inability to pay costs; (5) this Court has
denied him justice by dismissing his appeals for lack of payment; (6) that his
affidavit was “recognized by the Court Reporter of County Court at Law No. 1”;
and (7) he has “asked the Court in the past if, as a last resort, it would
accept payments for the Appeal Fee [sic] and to date, have never been given a
response.”[1]

A.        Background

On May 28, 2009, the
trial court signed a divorce decree awarding Roblin “various pieces of personal
property, including three cars, an eight-person spa, $12,000 to be paid by
appellee, Deborah Susan Briggs, and rights to his personal retirement accounts
and life insurance proceeds.”[2] 
Roblin, 2010 Tex. App. LEXIS 8655, at *1 (footnotes omitted).  On June
17, 2009, Roblin filed an appeal with this Court challenging the final divorce
decree.  Id. at *2.  Roblin also filed an affidavit of indigence, which
Briggs challenged.[3] 
In her response to Roblin’s affidavit of indigence, Briggs stated that Roblin “failed
to mention in his indigence affidavit that he has a retirement account valued
at approximately $ 15,000 and that he owns two other vehicles—a 1974 Mercury
Cougar and a 1979 Ford pickup truck—awarded to appellant in the divorce decree.” 
Id. at **2-3.

On July 1, 2009, the
trial court held a hearing on Briggs’s contest to Roblin’s claim of indigence. 
Id.  On July 7, 2009, the trial court sustained Briggs’s contest and
denied Roblin’s request for indigent status after reviewing the evidence and
hearing the parties’ arguments.  Id.  The trial court ordered Roblin to
pay all costs associated with his appeal.  Roblin appealed the trial court’s
determination that he is not indigent.  Id. at *5.  On October 28, 2010,
this Court affirmed the trial court’s determination and concluded that Roblin
had not sustained his burden of proving that he is indigent and that the trial
court did not abuse its discretion in sustaining Briggs’s contest and denying
Roblin’s indigence status.[4] 
Id. at **12-13.

Roblin also filed five
other appeals arising out of the final divorce decree.[5]  On May 16,
2011, this Court informed Roblin that he was delinquent in remitting a $175.00
filing fee in each of those cause numbers, a $10 fee for his motion to combine
all of the suits into one appeal filed on October 14, 2010, and a $10 fee for
his motion for extension of time to file an amended brief filed on June 14,
2010.  We also noted that although the clerk’s record, reporter’s record, and
appellant’s brief had been received in cause number 13-10-00091-CV, the filing
fee of $175.00 was due and that Roblin had not remitted that amount to this
Court.  We informed Roblin that pursuant to rule 42.3(c) of the Texas Rules of
Appellate Procedure, his appeals were subject to dismissal because he had
failed to comply with this Court’s previous notice regarding the filing fees in
these matters.  We warned Roblin that if the filing fees were not paid within
ten days from the date of receipt of the notice, we would dismiss his appeals.

B.        Discussion

All five of Roblin’s
appeals arose out of the final divorce decree.[6] 
The trial court that signed the divorce decree, upon Briggs’s challenge, has
concluded that Roblin is not indigent, and we have affirmed that decision.[7]  See id. 
Therefore, there has been a challenge filed by Briggs to Roblin’s indigent
status, and the trial court has made a determination of non-indigence.  Id. 
We are not at liberty to reverse that determination.

Next, at the indigency
hearing, Roblin claimed that he had medical bills; however, he offered no
evidence to substantiate that claim.[8] 
Moreover, the trial court heard evidence that Roblin is a deputy district clerk
for Montgomery County and makes a gross income of $27,343.66.[9]

Finally, although the
reporter may have filed the reporter’s record in one of Roblin’s appeals, the
determination of indigence, once challenged, is made by the trial court.  See
Higgins v. Randall County Sheriff's Office, 257 S.W.3d 684, 686 (Tex. 2008)
(“If the affidavit is contested, the burden is on the applicant to prove
indigence by a preponderance of the evidence.”) (quoting Pinchback v.
Hockless, 139 Tex. 536, 164 S.W.2d 19, 20 (1942)).

II.         Conclusion

Accordingly, we deny
Roblin’s motion for rehearing.  Moreover, the Court, having considered the
documents on file and Roblin’s failure to pay the filing fee, is of the opinion
that the appeals should be dismissed.  See id. 42.3(b), (c).  The
appeals in cause numbers 13-09-00402-CV, 13-09-00678-CV, 13-09-00679-CV,
13-10-00091-CV, and 13-10-00092-CV are dismissed for want of prosecution.   

                                                                                    PER CURIAM

 

Delivered and filed the

 14th day of July, 2011.

 









[1]
There is nothing in our records showing that Roblin requested making payments
toward the filing fees or that he attempted to make any payments in any of his
appeals.





[2]
The record reflects that the divorce decree was an agreed order that was
reached after mediation.  However, Roblin did not sign the order.





[3]
In his affidavit of indigence, Roblin claimed that “he:  (1) earned $ 1,506 per
month in income as a governmental employee for Montgomery County 4; (2) was
owed $ 12,000 from appellee, but she failed to make the payment; (3) had $
1,690 in monthly obligations; (4) owned one car—a 2002 Mitsubishi Galant of
unknown value—and some various pieces of personal property; and (5) did not own
any stocks, bonds, or real property.”  Roblin v. Briggs, No.
13-09-00475-CV, 2010 Tex. App. LEXIS 8655, at *2 (Tex.—Corpus Christi Oct. 28,
2010, no pet.) (mem. op.).





[4]
In our analysis, we noted the following:

[T]here is nothing in the record before us,
besides appellant's bald assertions and allegations, demonstrating that
appellant satisfied his burden of proving indigence.  Appellant is gainfully
employed by Montgomery County, earning $ 27,343.66 in gross income per year,
and he has not provided sufficient evidence demonstrating his monthly
obligations.  Moreover, the record does not contain documentation establishing
appellant's net income per year.

Id. at **12-13.





[5]
These are the cause numbers in those appeals:  13-09-00402-CV; 13-09-00678-CV;
13-09-00679-CV; 13-10-00091-CV; and 13-10-00092-CV.  In cause numbers
13-09-00402-CV, 13-09-00678-CV, 13-09-00679-CV, and 13-10-00092-CV, we denied
Roblin’s motions to grant indigent status on January 7, 2011.





[6]
On May 4, 2010, we notified Roblin that his appeals in cause numbers
13-09-00402-CV; 13-09-00678-CV; 13-09-00679-CV; 13-10-00091-CV; and
13-10-00092-CV had been consolidated for briefing purposes only.





[7]
We have again reviewed the record in that case.





[8]
In fact, at the indigency hearing, Roblin stated that he did not have any
documentation concerning any of his bills because that information was at home.





[9]
We note that at the indigency hearing, Roblin stated that he was not claiming
indigency.  Roblin stated that he was not indigent because he has a job and is
“fully employed.”  Instead, Roblin claimed that he was “simply saying that [he
is] unable to pay costs at this time due to [his] current monthly obligation.” 
Later, when informed that pursuant to the rules of appellate procedure, Roblin
was required to claim indigency, Roblin stated that he was in fact indigent
because he “has no money.”