**Order filed November 14, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-01002-CV
_____

**CHRISTINE E. REULE, Appellant**

**V.**

**RLZ INVESTMENTS, Appellee**

---

**On Appeal from the Co Civil Ct at Law No 4**
**Harris County, Texas**
**Trial Court Cause No. 1001350**

---

## ORDER

The record has not been filed in this appeal. A partial clerk's record regarding appellant's claim of indigence was filed. It reflects the trial court's judgment was signed November 14, 2011. On November 17, 2011, appellant filed a notice of appeal and affidavit of indigence. A contest was filed November 21, 2011, by the Harris County Clerk. On November 21, 2011, the contest was set for a hearing on November 29, 2011. On November 29, 2011, the trial court signed an order sustaining the contest. No reporter's record was taken.

Appellant claims she did not receive notice of the contest, the hearing, or the trial court's order sustaining the contest. The record reflects there is no certificate of service for the contest, notice of the hearing, or the order sustaining the contest.

The contest claimed the affidavit failed to meet one or more of the statutory requirements of Rule 20.1(b) without citing which of the requirements were allegedly deficient. *See* Tex. R. App. P. 20.1(b). Appellant's affidavit contains information relating to each of the items, with the only possible exception being "the nature and amount of the party's debts." Appellant's affidavit provides her "homestead is in dispute in which the bank claims I owe them money. . ." but does not state the amount of the debt.

The Supreme Court of Texas has recently held that "if the affidavit provides sufficient information to prove by a preponderance of evidence that the party is unable to pay costs on appeal, the affidavit is sufficient, even if information on each of the twelve items is not included." *In re C.H.C.,* 331 S.W.3d 426, 429 (Tex. 2011) (citing *Higgins v. Randall Cnty. Sheriff's Office ("Higgins II"),* 257 S.W.3d 684, 688-89 (Tex. 2008)). Appellant averred:

> I cannot afford to pay any costs at all.
>
> I receive approximately $1,300.00 per month in Social Security Disability benefits and I have no other income.
>
> I am single.
>
> My homestead residence is located at . . . which is the subject of the above-referenced eviction proceeding.
>
> I have approximately $10 in my savings account and $1200 in my checking account to last me until the 3rd Wednesday in December from which I have to pay all of my bills, and if I am evicted from my home of 12 years, I will be required to pay deposits and rent that I cannot afford. I just received my social security disability check.
>
> I own a 2001 Toyota Tundra.
>
> I have one child who is currently attending college.

My homestead is in dispute in which the bank claims I owe them money, which I claim I do not. I believe there was a valid accord and that the bank claiming the right to foreclose does not have that right, plus the 4 year statute appears to have run and there is a break in the chain of title. There are also numerous errors in the foreclosure process.

My monthly expenses include, but are not limited to medical bills $250, electric bill $200, insurance $150, food $300, phone bill $50 and gas $250.

I do not have an attorney representing me in this matter. I have no one to advance any court costs and no ability to obtain a loan for court costs, and will be homeless next week.

According to appellant, her monthly bills are at least $1200, her income is $1300 and eviction creates new expenses. The fact that appellant receives disability benefits was a prima facie showing that she was entitled to appeal as indigent. *See In re J.W.*, 52 S.W.3d 730, 733 (Tex. 2001); *In re A.L.V.Z.,* 352 S.W.3d 568, 570 (Tex. App. -- Dallas 2011, no pet.).

"The test for determining indigence is straightforward: 'Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?'" *Higgins II,* 257 S.W.3d at 686 (quoting *Pinchback v. Hockless,* 139 Tex. 536, 164 S.W.2d 19, 20 (1942)). Appellant's affidavit demonstrates by a preponderance of evidence that she is unable to pay costs on appeal. There being no evidence in the record to the contrary, we conclude the trial court abused its discretion in denying appellant's request to proceed without advance payment of costs. Therefore, appellant is declared indigent for purposes of appeal and the record will be provided without prepayment of costs. *See* Tex. R. App. P. 20.1(j). The trial court's order sustaining the county clerk's contest to appellant's affidavit of indigence is reversed. Accordingly, we issue the following order:

The Harris County District Clerk is ordered to file a clerk's record in cause number 14-11-01002-CV within 30 days of the date of this order. Further, the official court reporter, Karen S. Field, is ordered to file a reporter's record in this appeal within

30 days from the date of this order.  Appellant's brief will be due 30 days after the record has been filed.

PER CURIAM

Panel consists of Justices Frost, Christopher, and Jamison.