**AFFIRM and Opinion Filed September 22, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01104-CV

### IN THE INTEREST OF A.L.S., A CHILD

**On Appeal from the 196th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 79,649**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Chief Justice Wright

Before the Court is the motion of appellant Danny Schwartz requesting appellate review of the trial court's order sustaining the court reporter's and appellees' contests to his affidavit of indigence. The trial court held a hearing on the contests and signed an order sustaining them on September 15, 2014.

In reviewing a trial court's order sustaining a contest to an affidavit of indigence, our task is to determine whether the court abused its discretion. *See Jackson v. Tex. Bd. of Pardons & Paroles*, 178 S.W.3d 272, 275 (Tex. App.—Houston [1st Dist.] 2005, no pet.). The trial court abuses its discretion when it acts without reference to any guiding rules or principles; the facts and law permit only one decision, which is the opposite of the trial court's decision; and the trial court's ruling is so arbitrary and unreasonable as to be clearly wrong. *See Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (en banc). As the fact finder,

the trial court is the sole judge of the credibility of the witnesses and evidence. *See Prince v. American Bank of Texas*, 359 S.W.3d 380, 382 (Tex. App.—Dallas 2012, no pet.).

The test for indigence is whether the appellant shows by a preponderance of the evidence that he would be unable to pay the costs of appeal if he "really wanted to and made a good faith effort [to] do so." *See Arevalo*, 983 S.W.2d at 804 (quoting *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. 1980)). If a party owns valuable property which he could dispose of and thereby secure the necessary funds without depriving himself or his family of the necessities of life, he should be required to pay the costs. *See Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19 (1942). Failing to use assets that could be used to provide funds for paying the record constitutes the opposite of a good faith effort. *See White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet denied) (per curiam).

At the hearing, appellant initially testified that he had an attorney located in Dallas handling his appeal. He testified that he had paid this attorney $4,000. Appellant then stated he was confused and said he was referring to his trial counsel located in Greenville. His trial counsel withdrew at the end of the trial. He then stated he does not have an attorney in Dallas. At one point, appellant testified that he paid his trial counsel $4,000, then he testified that he had not paid $4,000 to anybody. When questioned by the trial court, appellant stated he had spoken with an attorney in Dallas but had not hired him yet. The trial judge commented "I'm very frustrated. These answers don't seem to be consistent."

Appellant's testimony regarding his relationship with a lawyer in Dallas and the legal fees he has or has not paid was not his only inconsistent testimony. In his affidavit, appellant stated that he did not own any personal property. He did state that his wife owned a 2004 truck. On cross-examination, appellant admitted that at a hearing held on May 1, 2014, he testified that he owned the truck and that he had paid for the truck in full with his own money. To explain this

–2–

discrepancy, appellant stated that his wife purchased the truck prior to their marriage and once they were married, he considered it their truck. Appellant also failed to list in his affidavit a 2014 Yamaha motorcycle. By way of explanation, appellant said he did not list it because he still owes money on it so he does not own it. He pays $280 a month for the motorcycle.

Appellant also admitted to inaccuracies relating to the debts he listed in the affidavit. He listed as debts $4,000 in legal fees, a $1,200 personal loan, a $10,000 school loan, and a $400 credit card debt. As noted above, he admitted he does not really know what legal fees he owes. He stated that his wife handled their financial matters. When questioned, appellant also admitted that the personal loan and school loan were his wife's debts and not his. Appellant's debts are relevant to a determination of his status as an indigent but his spouse's debts are not. *See* TEX. R. APP. P. 20.1(b)(7). Appellant admitted that statements in his affidavit were not one hundred percent accurate.

Appellant testified that his wife earns $2,240 a month. Appellant lost his job in August but he is currently looking for a new job. He has not filed for unemployment benefits. In his affidavit, appellant stated "[o]ur ability to get a loan is impaired by our income limitations." At the hearing, however, he offered no evidence as to what attempts he had made to obtain a loan other than to say that they could not borrow the money from his wife's boss. Nor did appellant offer any testimony regarding any attempts to come up with money for the record such as selling assets.

In sustaining the contests, the trial judge stated three reasons. First, he became "suspicious" because appellant failed to list the motorcycle as an asset and listed personal debts of his wife as his own. Although appellant stated that his wife handled financial matters, he did not call her as a witness. Second, appellant's wife's income is above the federal poverty

guidelines. Third, it is not clear if appellant has any relationship with an attorney in Dallas who may be assisting him either directly or indirectly with the appeal.

Appellant's inconsistent testimony and admitted inaccuracies in his affidavit support the trial court's suspicions and credibility concerns. We conclude the trial court did not abuse its discretion in sustaining the contests to appellant's affidavit of indigence. We affirm the trial court's order.


141104F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE