AFFIRMED and Opinion Filed November 7, 2014



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01330-CV

### IN THE INTEREST OF J.A.H AND J.A.H, CHILDREN

On Appeal from the 254th Judicial District Court
Dallas County, Texas
Trial Court Cause No. 05-13133-R

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Brown
Opinion by Chief Justice Wright

Before the Court is the motion of appellant requesting appellate review of the trial court's order sustaining the contests to her affidavit of indigence. The trial court held a hearing on the contests and signed an order sustaining the contests on October 23, 2014.

In reviewing a trial court's order sustaining a contest to an affidavit of indigence, our task is to determine whether the court abused its discretion. *See Jackson v. Tex. Bd. of Pardons & Paroles*, 178 S.W.3d 272, 275 (Tex. App.—Houston [1st Dist.] 2005, no pet.). The trial court abuses its discretion when it acts without reference to any guiding rules or principles; the facts and law permit only one decision, which is the opposite of the trial court's decision; and the trial court's ruling is so arbitrary and unreasonable as to be clearly wrong. *See Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (en banc). As the fact-finder, the trial court is the sole judge of the credibility of the witnesses and evidence. *See Prince v. American Bank of Texas*, 359 S.W.3d 380, 382 (Tex. App.—Dallas 2012, no pet.).

The test for indigence is whether the appellant shows by a preponderance of the evidence that he would be unable to pay the costs of appeal if he "really wanted to and made a good faith effort [to] do so." *Arevalo*, 983 S.W.2d at 804 (quoting *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. 1980)). A trial court can consider a number of factors when determining the validity of a challenge to an affidavit of indigence. Some of these factors include whether the litigant is dependent upon public charity afforded through various welfare programs, *Goffney v. Lowry*, 554 S.W.2d 157, 159-60 (Tex. 1977); the litigant's credit rating, *Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19 (1942); the litigant's employment history, *Goffney* 554 S.W.2d at 160; and that the litigant cannot secure a bona fide loan to pay the costs, *Pinchback*, 164 S.W.2d at 20.

In her motion to review the trial court's order, appellant contends the contests were not timely filed. Alternatively, she argues she proved her indigence through both her affidavit and testimony at the hearing on the contests. Citing to rule of appellate procedure 20.1(e)(2), appellant contends any contest to her affidavit had to be filed within three days. *See* TEX. R. APP. P. 20.1(e)(2). This rule applies only when a presumption of indigence has been established by the trial court in a suit filed by a governmental entity in which termination of the parent-child relationship or managing conservatorship is requested. *See* TEX. R. APP. P. 20.1(a)(3) & (e)(2). A contest to an affidavit of indigence where there is no presumption of indigence is due within ten days after the date the affidavit is filed. *See* TEX. R. APP. P. 20.1(e)(1).

The presumption of indigence is not applicable to this case. Thus, the contests were due within ten days after the date appellant filed her affidavit. Appellant filed her affidavit on October 13, 2014. Court Reporter Tanner Joy Feast filed her contest on October 17, 2014. Court Reporter Kendra LaKissha Thibodeaux filed her contest on October 21, 2014. Because

both contests were filed within ten days of October 13, 2014, they were timely. *See* TEX. R. APP. P. 20.1(e)(1).

We turn now to appellant's alternative argument that she established her indigence. In her affidavit, appellant states that her only income is approximately $800 a month that she gets from selling items on eBay that she buys at garage sales. Appellant rents a three bedroom house for $1,200 a month. She has a checking account with a balance of $200 and owns a 2002 Buick LeSabre. Her monthly expenses are approximately $1,890. Her debts exceed $39,000.

At the hearing on the contests, appellant testified that she has retained counsel on appeal. She testified that she is thirty-nine years old and lives alone. She said her lease does not allow her to have a roommate. She testified that her boyfriend has paid her rent for the past five months. With her boyfriend paying the rent, appellant has approximately $110 left after paying her monthly expenses.

Appellant testified that she was last employed about ten years ago as a teacher but that she did not have a teaching certificate. She said she is working on finding employment and had applied for two jobs within the last three months. Appellant testified that neither her parents nor her boyfriend are willing to loan her money for the costs of the appeal. She had not tried to get a loan from a bank or a title loan for her car. Appellant testified that she did not have a gym membership. However, when posts from her Facebook page were admitted into evidence, she admitted that she did have a gym membership for which she paid five dollars a month. Her Facebook page showed a picture of her holding a spinning instructor certificate. Appellant testified, however, that she had not yet fulfilled all of the requirements. She did not testify that she was in the process of completing the remaining requirements. At one point in the hearing, the trial judge commented "I am not convinced [appellant's] giving us credible, honest testimony."

As the fact-finder, the trial judge was the sole judge of the credibility of appellant's testimony. He questioned her credibility. There is no indication in the testimony that appellant cannot be employed on a full-time basis. Her own testimony, however, showed that she has made very little effort to obtain full-time employment. By her own testimony, appellant has approximately $110 left over after paying her monthly expenses. For these reasons, we conclude the record does not show a good faith effort on appellant's part to pay the appellate costs. We affirm the trial court's order.

141330F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE