

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00079-CV

JAVIER JAIMES, Appellant

V.

ZENAW MERSHA, Appellee

On Appeal from the County Court at Law No. 2
Travis County, Texas
Trial Court No. C-1-CV-15-005652

Before Morriss, C.J., Moseley and Burgess, JJ.

O R D E R

Javier Jaimes rented an auto repair and vehicle storage facility from Zenaw Mersha. Mersha filed suit to evict Jaimes after he failed to pay his monthly rent. The trial court entered judgment for Mersha and ordered that Jaimes pay his past-due rent in the amount of $6,975.00, plus $2,700.00 in attorney fees. Jaimes appealed. With his appeal, Jaimes filed an affidavit of indigence swearing that he had been unemployed since August 7, 2015, the date of the trial court's judgment. The court reporter filed a contest to the affidavit of indigency.[1] After a brief hearing, comprising a total of three pages of transcript, the trial court found that Jaimes was not indigent for purposes of appeal. We reverse the trial court's order sustaining the court reporter's challenge to Jaimes' affidavit of indigence and conclude that Jaimes is indigent for purposes of appeal.

Rule 20.1 of the Texas Rules of Appellate Procedure sets forth the procedures for establishing indigence for purposes of appeal in civil cases. TEX. R. APP. P. 20.1. Where, as here, an affidavit of indigence is contested, "the party who filed the affidavit of indigence must prove the affidavit's allegations." TEX. R. APP. P. 20.1(g)(1). If the trial court sustains the contest, the appellate court must determine whether the trial court abused its discretion. *In re Graham*, No. 03-14-00270-CV, 2014 WL 5107134, at *1 (Tex. App.—Austin Oct. 9, 2014, order) (per curiam); *Jhaveri v. McBeth*, No. 03-14-00261-CV, 2014 WL 4365108, at *1 (Tex. App.—Austin Aug. 25, 2014, order & mem. op.) (per curiam).

Jaimes, who represented himself at trial, seeks to appeal the trial court's judgment without advance payment of costs. His sworn affidavit of indigence states that he has no monthly income,

---

[1]The trial court clerk has provided a free clerk's record in this case.

$900.00 in cash, $800.00 in monthly utility expenses, $257.00 in monthly vehicle payments, a $9,600.00 judgment against him, and $21,000.00 in credit card debt. The court reporter filed a contest to Jaimes' affidavit and estimated that the costs on appeal would be approximately $620.00.

Jaimes' sworn affidavit of indigence was admitted as an exhibit at the hearing. No challenge was made as to any specific item in the affidavit. Jaimes explained that he conducted state automobile inspections, but that he was unable to work as a result of the eviction for failing to pay rent. While Jaimes testified, "We may be starting work up again in October" and stated that he would be glad to pay the costs of appeal should he eventually be able to afford it, the trial court asked no questions about how much Jaimes made before the eviction or how much he could make assuming that he was able to obtain work.

Instead, the trial court's decision to sustain the contest to Jaimes' affidavit of indigence was based solely on Jaimes' possession of two cashier's checks in the amount of $1,650.00 each. Jaimes explained that the cashier's checks "were part of the case where [he] tried to tender the rent but it wasn't accepted." The trial court denied Jaimes' indigency claim on the ground that he was in possession of the cashier's checks, which in the trial court's opinion, constituted $3,300.00 Jaimes could use to cover costs. Yet, the cashier's checks were not made a part of the record, and there is nothing indicating whether the checks, which would have been made out to Mersha or some other payee, could be returned. No further inquiry about Jaimes' assets, income, or expenses was made.

3

"The test for determining indigence is straightforward: 'Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?'" *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008) (quoting *Pinchback v. Hockless*, 164 S.W.2d 19, 20 (1942)). "The purpose of Rule 20.1 is to *permit* parties to proceed without paying filing fees if they are unable to do so, and we have long interpreted the Rules of Appellate Procedure liberally in favor of preserving appellate rights." *Id.* at 688.

Jaimes' affidavit adequately explained his inability to pay costs on appeal. We find that the trial court's reliance on Jaimes' possession of cashier's checks, which are required to be made out to a payee, was misplaced. Liberally construing the indigence requirements in favor of the right to appellate review, when we balance Jaimes' lack of income against his monthly expenses and debts, we conclude that he established by a preponderance of the evidence that he is unable to pay the costs of appeal. *See In re C.H.C.*, 331 S.W.3d 426, 430 (Tex. 2011) (per curiam). Accordingly, we hold that the trial court abused its discretion by finding that Jaimes failed to prove his indigence.

We find that Jaimes is entitled to appeal without the advance payment of costs. Accordingly, the official court reporter, Cathy Mata, is ordered to prepare and file the complete reporter's record in the underlying appeal within thirty days of the date of this order. *See* TEX. R. APP. P. 34.6. The reporter's record is due to be filed with this Court on or before November 19, 2015. Appellant's brief in this appeal will be due thirty days after the complete record has been filed. *See* TEX. R. APP. P. 38.6(a).

IT IS SO ORDERED.

BY THE COURT

Date:   October 20, 2015