352 S.W.3d 568 (2011)
In the Interest of A.L.V.Z., A Minor Child.
No. 05-11-00784-CV.
Court of Appeals of Texas, Dallas.
October 19, 2011.
*569 Megan Van Zelfden, Plano, TX, for Appellant.
Alan Van Zelfden, Cedar Hill, TX, for Appellee.
*570 Before Chief Justice WRIGHT and Justices FRANCIS and LANG-MIERS.

OPINION
Opinion by Chief Justice WRIGHT.
Before the Court is the motion of appellant Megan Van Zelfden requesting appellate review of the trial court's order sustaining the contest to her affidavit of indigence. The trial court held a hearing on the contest and signed an order sustaining the contest on July 7, 2011.
In reviewing a trial court's order sustaining a contest to an affidavit of indigence, our task is to determine whether the court abused its discretion. See Jackson v. Tex. Bd. of Pardons & Paroles, 178 S.W.3d 272, 275 (Tex.App.-Houston [1st Dist.] 2005, no pet.). The trial court abuses its discretion when it acts without reference to any guiding rules or principles; the facts and law permit only one decision, which is the opposite of the trial court's decision; and the trial court's ruling is so arbitrary and unreasonable as to be clearly wrong. Arevalo v. Millan, 983 S.W.2d 803, 804 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (en banc).
A trial court can consider a number of factors when determining the validity of a challenge to an affidavit of indigence. Some of these factors include whether the litigant is dependent upon public charity afforded through various welfare programs, Goffney v. Lowry, 554 S.W.2d 157 at 159-60 (Tex.1977); the litigant's credit rating, Pinchback v. Hockless, 139 Tex. 536, 164 S.W.2d 19 at 19 (1942); the value of the litigant's claim and whether it could afford the basis for security of a loan, Wallgren v. Martin, 700 S.W.2d 28, 30 (Tex.App.-Dallas 1985, orig. proceeding); the litigant's employment history, Goffney, 554 S.W.2d at 160; and that the litigant cannot secure a bona fide loan to pay the costs, Pinchback, 164 S.W.2d at 20.
Initially, appellant contends the trial court lacked jurisdiction to hear the contest because the trial court's plenary power expired ninety days after the date of the judgment. Appellant timely filed her notice of appeal with her affidavit of indigence attached thereto. See TEX. R.APP. P. 20.1(c)(1). If a contest to the affidavit is filed, the trial court must conduct a hearing within ten days. See TEX. R.APP. P. 20.1(i)(2)(A). The contest to appellant's affidavit was filed on June 28, 2011. The trial court timely conducted the hearing on July 7, 2011. In accordance with the timelines set forth in rule 20.1, the trial court did have jurisdiction to rule on the contest.
We have reviewed appellant's affidavit of indigence and the reporter's record from the hearing. The court reporter informs this Court that the exhibits presented at the hearing are not included in the record because appellant "was given permission by the Court off the record to make copies and return the originals to the court reporter." Appellant never returned the exhibits.
Appellant contends the trial court erred in allowing a contest to be filed because she was certified by the Legal Aid of Northwest Texas as indigent. A party's affidavit that is accompanied by a certificate that the party is eligible to receive free legal services under income guidelines used by a program funded by Interest on Lawyers Trust Accounts or the Texas Access to Justice Foundation may not be contested. See TEX.R.APP. P. 20.1(a)(1). Appellant introduced the letter from Legal Aid at the hearing. She testified that she was accepted by Legal Aid but that they did not have the resources to help her. On cross-examination, appellant acknowledged the letter did not state that she had *571 qualified for aid, only that they did not have the resources to help her. Because appellant failed to return the exhibits to the court reporter, this letter is not part of the appellate record. Therefore, this Court cannot consider it.
In her affidavit, appellant lists her monthly income as $2,060 and her monthly expenses as $4,375. She claims her assets amount to $15,102 while her liabilities total $32,898. In her affidavit, she stated that she is unable to obtain a loan for the costs because of her poor credit rating.
At the hearing, appellant testified that she became disabled in August 2007 and she receives social security disability benefits. Prior to becoming disabled, she worked as a certified public accountant. In August 2008, she took out a $137,000 mortgage and purchased a house. Although she is able to mow her own lawn, she does pay for landscaping to insure that her house complies with the rules of the homeowner's association. Relatives provided her with a car that is worth approximately $12,000. She pays for cable television and internet access. Appellant also owns a motorcycle that she has not attempted to sell. Contrary to her contention in her affidavit, appellant testified that she has made no attempt to take out a loan to cover the costs of the appeal other than asking people she knows for help.
Under the circumstances outlined above, we conclude the trial court did not abuse its discretion in sustaining the contest to appellant's affidavit of indigence. Accordingly, we affirm the trial court's order.