Clovis PRINCE, Appellant,

v.

AMERICAN BANK OF TEXAS, Appellee.

No. 05–10–01540–CV.

Court of Appeals of Texas, Dallas.

Feb. 7, 2012.

Kerry S. Alleyne Simmons, Law Office of Kerry S. Alleyne–Simmons, Carrollton, TX, Clovis Prince, Bonham, TX, for Appellant.

Stephen C. Rasch, Julie Christine Abernethy, Richard B. Phillips, Jr., Thompson & Knight, L.L.P., Dallas, TX, for Appellee.

Before Chief Justice WRIGHT and Justices FRANCIS and LANG–MIERS.

## OPINION

Opinion by Chief Justice WRIGHT.

Before the Court is Clovis Prince's motion challenging the trial court's order sustaining American Bank of Texas's contest to his affidavit of indigence. We conclude the trial court did not abuse its discretion in sustaining American Bank's contest and deny Prince's motion.

## BACKGROUND

The hearing on the contest was held June 30, 2011. At the outset, the trial judge noted Prince, a pro se inmate, had not appeared or requested to appear by bench warrant or alternative means. The trial judge further noted American Bank had given him a notebook containing a June 24, 2011 letter addressed to Prince advising Prince of the hearing. The notebook also contained the return receipt card reflecting the letter was delivered June 27, 2011 to the county jail in which Prince is incarcerated. The trial judge found that Prince had waived his appearance and, after hearing argument by American Bank and considering deposition testimony of Prince's wife, sustained the contest.

Through letters to this Court in July and August of 2011, Prince asserted he did not receive timely notice of the contest hearing. Specifically, he alleged the jail staff did not deliver the notice to him until July 8, 2011. In support of his argument, he attached an "Inmate Request Form." The form was signed by "Officer Lopez" who acknowledged delivering to Prince on July 8th a letter concerning a court hearing "set for the 30th."

Based on Prince's allegations, we ordered the trial court on November 21, 2011 to resolve the issue of whether notice of the contest hearing was properly effected as to Prince. *See Payton v. Ashton,* 29 S.W.3d 896, 898 (Tex.App.-Amarillo 2000, no pet.) (implicit in concept of service is need for party upon whom item is served to actually receive it). We noted the trial court's docket sheet reflected a hearing was scheduled November 28, 2011, and we

directed the trial court to resolve the notice issue by that date. Attached to our order were the July and August letters from Prince to this Court and his supporting documentation.

On November 22, 2011, Prince mailed to the trial court and this Court a "Motion to Set Aside Default and/or Summary Judgment; Motion and Affidavit to Proceed in Forma Pauperis on Appeal to the Fifth District at Dallas Court of Appeals; Writ of Habeas Corpus ad Testificandum." Relevant to the issue before us, Prince requested the trial court allow him to participate in the hearing telephonically.[1] Prince generally argued he should be allowed to participate via telephone because his testimony was essential for resolution of the notice issue. Prince also sought a continuance of the hearing to allow the court an opportunity to rule upon his request to appear telephonically and allow him time to prepare for the hearing.

Without explicitly ruling on Prince's motion to participate telephonically and for continuance, an associate judge found service was properly effected. Prince appealed the ruling to the trial court, which held a hearing on December 20, 2011. Prince did not appear at this hearing, and the trial court denied Prince's appeal.

## DISCUSSION

 We review a trial court's ruling on a contest to an affidavit of indigence for abuse of discretion. *Basaldua v. Hadden,* 298 S.W.3d 238, 241 (Tex.App.-San Antonio 2009, no pet.) (per curiam). We will conclude the trial court abused its discretion if it acted without reference to any guiding rules or principles or in an arbitrary and unreasonable manner. *Id.* As the factfinder, the trial court is the sole judge of the credibility of the witnesses and evidence. *In re A.R.,* 236 S.W.3d 460, 471 (Tex.App.-Dallas 2007, no pet.) (op. on reh'g). When conflicting evidence exists, we will conclude an abuse of discretion has occurred only when no evidence supports the court's decision. *See Unifund CCR Partners v. Villa,* 299 S.W.3d 92, 97 (Tex. 2009) (per curiam). No abuse will be found where conflicting evidence exists and there is some evidence to support the court's ruling. *Id.*

Prince's complaint concerning the trial court's order sustaining the contest is that, although jail staff may have timely received the notice of the contest hearing, he did not get the notice until well after the hearing. At that hearing, based on evidence presented by American Bank, the trial court noted the jail staff received the notice of the hearing June 27th and found Prince had waived his appearance. Because the trial court did not have the opportunity to consider Prince's allegation that he did not receive notice of the hearing until after the hearing, we ordered the trial court to determine whether service was properly effected as to Prince, and provided the court with Prince's July and August letters and supporting documentation. Pursuant to our order, the trial court determined service had been properly effected. Although Prince argued in his letters that he did not timely receive notice and his supporting documentation showed Prince was delivered a letter about a hearing "set for the 30th" on July 8th, the court, as the trier of fact, was free to disbelieve that evidence and believe the evidence American Bank presented at the contest hearing. *See In re A.R.,* 236 S.W.3d at 471. Because some evidence

---

1. Prince also challenged the trial court's final judgment and attached a new affidavit of indi- gency for the trial court's consideration

supports the trial court's decision, we cannot conclude the court abused its discretion in sustaining the contest. *See id.* Accordingly, we deny Prince's motion.

In reaching our conclusion, we have considered arguments Prince has raised in various filings with this Court since the trial court's December 20th hearing. Specifically, we have considered Prince's arguments that he did not receive notice of the December 20th hearing until December 21st and that he was prejudiced by the trial court's failure to rule, prior to the November 28th hearing, on his motion to appear telephonically and for continuance.[2] We reject those arguments, however, because in neither of the arguments does Prince explain how his appearance would have affected the trial court's ruling; that is, he does not state what additional evidence or argument he would have presented had he been able to appear.

Having concluded the trial court did not abuse its discretion in sustaining the contest, we **ORDER** Prince to pay, or make arrangements to pay, for the clerk's and court reporter's records within twenty (20) days of the date of this opinion. We caution Prince that failure to pay for the reporter's record will result in this appeal being submitted without that record; failure to pay for the clerk's record will result in dismissal of this appeal without further warning. *See* Tex.R.App. P. 37.3(b), (c), 42.3(b),(c).

---

2. Prince also asserted the trial court's final judgment should be set aside because of pending bankruptcy proceedings and asked this Court to rule on the affidavit of indigency he included in his November motion. Because we directed the trial court to determine solely whether service of the June 30th hearing was properly effected, we limit our discussion to that issue.