**Order issued August 6, 2012**



In The

# Court of Appeals
### For The
# First District of Texas
_____

## NO. 01-10-00477-CV
_____

**ANNETTE DOUGLAS, Appellant**

**V.**

**ANTHONY J. DOUGLAS, Appellee**

---

**On Appeal from the 310th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-68489**

---

## MEMORANDUM ORDER

On June 4, 2010, appellant, Annette Douglas, filed a notice of appeal from the trial court's judgment of May 4, 2010. Appellant filed an affidavit of inability to pay the costs of appeal in conjunction with her notice of appeal. The district clerk contested the affidavit, and the trial court sustained the district clerk's contest. Appellant appeals the trial court's order sustaining the contest.

We affirm the trial court's order sustaining the contest.

**Standard of Review and Governing Legal Principles**

Texas Civil Practice and Remedies Code section 13.003 sets out certain requirements that must be met for an appellant to obtain a free record on appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a) (West 2002). Section 13.003 states, in pertinent part, that a trial court clerk and court reporter shall provide without cost a record for appeal only if:

> (1)   an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and
>
> (2)   the trial judge finds:
>
>    (A)   the appeal is not frivolous; and
>
>    (B)   the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal.

*Id.*

The first of these requirements, to file an affidavit of inability to pay the costs of the appeal, is governed by Rule 20.1 of the Texas Rules of Appellate Procedure. Rule 20.1 allows a party to proceed on appeal without advance payment of costs if (1) the party files an affidavit of indigence in compliance with the rule, (2) the indigence claim is not contestable, the claim is not contested, or, if contested, the contest is not sustained by written order, and (3) the party timely files a notice of appeal. *See* TEX. R. APP. P. 20.1(a)(2).

2

The trial court clerk, court reporter, or any interested party may file a contest to the affidavit of indigence, but must do so within 10 days after the date the affidavit is filed. TEX. R. APP. P. 20.1(e).  If a contest is filed, the trial court must either conduct a hearing or sign an order extending the time to conduct a hearing "within 10 days after the contest [is] filed."  TEX. R. APP. P. 20.1(i)(2).

If contested, the appellant bears the burden to prove his indigence by a preponderance of the evidence.  *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008); *see* TEX. R. APP. P. 20.1(g); *Few v. Few*, 271 S.W.3d 341, 345 (Tex. App.—El Paso 2008, pet. denied); *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.).  Once the appellant establishes a prima facie showing of indigence, the party contesting the affidavit has the burden to offer evidence to rebut what was established.  *See Griffin Indus., Inc. v. Honorable Thirteenth Court of Appeals*, 934 S.W.2d 349, 352 (Tex. 1996).  "The test for determining indigence is straightforward: 'Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?'" *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011) (citing *Higgins*, 257 S.W.3d at 686).

Unless, within the period set for the hearing, the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true and the party will be allowed to proceed without advance payment of costs. TEX. R. APP. P. 20.1(i)(4); *see C.H.C.*, 331 S.W.3d at 429; *Higgins*, 257 S.W.3d at 688. When, as in this case, the trial court sustains the contest to the appellant's affidavit, the appellant may obtain the record pertaining to the trial court's ruling and may challenge that ruling as part of his appeal. *See In re Arroyo*, 988 S.W.2d 737, 738–39 (Tex. 1998).

We review the trial court's order under an abuse of discretion standard. *White v. Bayless*, 40 S.W.3d 576, 576 (Tex. App.—San Antonio 2001, pet. denied). The trial court abuses its discretion if it acts without reference to any guiding rules or principles or in an arbitrary or unreasonable manner. *Id.*

## Analysis

Appellant challenges the trial court's order sustaining a contest to her affidavit of indigence and ordering that she pay the costs[1] of appeal.

Insofar as appellant challenges the trial court's order with respect to the costs of the appellate record, by failing to request or obtain the findings required by Civil Practice and Remedies Code section 13.003, appellant has failed to meet the

---

[1] Texas Rule of Appellate Procedure 20.1(n) defines "costs" as the filing fee and the charges for preparing the appellate record. TEX. R. APP. P. 20.1(n).

statutory requirements for receiving a free record and has failed to preserve any error upon which we could reverse the trial court's order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2); *Schlapper v. Forest*, 272 S.W.3d 676, 678 (Tex. App.—Austin 2008, pet. dism'd); *Rhodes v. Honda*, 246 S.W.3d 353, 356 (Tex. App.—Texarkana 2008, no pet.).

We consider appellant's challenge insofar as it relates to the trial court's order that she pay the filing fee for her appeal.

The district clerk's record on appellant's indigence claim reflects that, on June 4, 2010, appellant timely filed her notice of appeal from the trial court's final order dismissing her case. *See* TEX. R. APP. P. 20.1(a)(2)(C). Appellant filed her affidavit of indigence with her notice of appeal. *See* TEX. R. APP. P. 20.1(c)(1).

In her affidavit, appellant addresses the factors required by Texas Rule of Appellate Procedure 20.1(b). TEX. R. APP. P. 20.1(b) *see also C.H.C.*, 331 S.W.3d at 429 (stating that affidavit is sufficient if it provides information to prove by preponderance of evidence that party is unable to pay costs, even if information on all factors is not included). In the affidavit, appellant states, *inter alia*, that she has monthly income of $398, that she has three dependents, that she has $50 in cash, and that she has expenses of $125 to $150 per month.

On June 8, 2010, the district clerk filed a timely contest to appellant's affidavit of indigence. *See* TEX. R. APP. P. 20.1(e).

A hearing was held on the contest to the affidavit of indigence on June 16, 2010. *See* TEX. R. APP. P. 20.1(i)(2). The only evidence presented at the hearing was appellant's testimony. According to her testimony, appellant worked at St. Mary Magdalene Church, where she earned $398 every two weeks. Appellant further testified that she had expenses of $125 each month. Finally, appellant stated that she could pay for the appeal, but that she would not be able to pay the full amount by the original deadline of July 3, 2010.

At the conclusion of the hearing, the trial court ordered appellant to "pay court costs and pay at $25.00 per month until paid in full." The trial court signed a written order that same day, sustaining the contest and ordering appellant to pay $25 per month until the appellate costs were paid in full. *See* TEX. R. APP. P. 20.1(i)(4).

Appellant filed a challenge to the trial court's order sustaining the contest to her affidavit of indigence on September 2, 2011.

The evidence before the Court shows that, at the time the appellate fees were originally due, appellant earned approximately $800 per month and had only $125

6

per month in expenses.[2]  From this, the trial court could reasonably have concluded that appellant was not indigent and was able to pay the $175 filing fee.[3]  *See In re A.L.V.Z.*, 352 S.W.3d 568, 571 (Tex. App.—Dallas 2011, no pet.) (affirming trial court's order sustaining contest when appellant's affidavit listed monthly income as $2,060 and monthly expenses as $4,375, but appellant was able to take out mortgage, pay for landscaping despite being physically capable of doing it herself, owned car and motorcycle, and paid for cable television and Internet); *Basaldua v. Hadden*, 298 S.W.3d 238, 241–42 (Tex. App.—San Antonio 2009, no pet.) (affirming trial court's order sustaining contest when appellant's affidavit stated he made $500 per month, appellant testified he was not working as much as he should, and appellant's expenses were $390 per month); *see also* TEX. GOV'T CODE ANN. § 51.207 (West Supp. 2011), § 51.941(a) (West 2005), § 101.041 (West Supp. 2011) (listing fees in court of appeals); Order Regarding Fees Charged in Civil

---

[2]      In her challenge to the trial court's order sustaining the contest, appellant attached "A Financial Information Statement" showing income of $338 and expenses of $327 per month.  This statement, which does not constitute evidence, shows that appellant's income exceeds her expenses by $11 per month, even though she pays $125 per month for storage and $46 per month for cell phone service.  Therefore, even based on this information, the trial court would not have abused its discretion in sustaining the contest and ordering appellant to pay $25 per month.  *See, e.g.*, *In re Guardianship of Rombough*, No. 02-11-00181-CV, 2012 WL 1624027, *5 (Tex. App.—Fort Worth May 10, 2012, no pet.) (holding that trial court did not abuse its discretion in sustaining contest to affidavit of indigence when appellant's affidavit of indigence stated, inter alia, that she paid for cell phone service).

[3]      For the same reasons, the trial court could have reasonably concluded that appellant was able to pay for the full appellate record.

Cases in the Supreme Court and the Courts of Appeals and Before the Judicial Panel on Multidistrict Litigation, Misc. Docket No. 07-9138 (Tex. Aug. 28, 2007), *reprinted in* TEX. R. APP. P. app. A § B(1) (listing fees in court of appeals); *C.H.C.*, 331 S.W.3d at 429 (considering whether record, in whole, shows by preponderance that "applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so").

On the record before this Court, we cannot conclude that the trial court abused its discretion by sustaining the contest to appellant's affidavit of indigence. *See C.H.C.*, 331 S.W.3d at 429; *A.L.V.Z.*, 352 S.W.3d at 571; *Basaldua*, 298 S.W.3d at 241–42; *see also Arevalo*, 983 S.W.2d at 805 (finding no abuse of discretion in trial court's order denying appellant's request for free record because appellant owned vehicle and jewelry which, if sold, would more than cover cost of record).

Accordingly, we affirm the trial court's order sustaining the district clerk's contest to the affidavit of indigence.

Because appellant has not established indigence, it is ORDERED that appellant pay one-half of the $175 filing fee to this Court no later than 10 days from the date of this order and the other one-half of the $175 filing fee to this Court no later than 30 days from the date of this order, or the appeal will be dismissed. *See*

TEX. R. APP. P. 5 (requiring payment of fees in civil cases unless indigent); 42.3 (allowing involuntary dismissal of case).

It is further ORDERED that, no later than 30 days from the date of this order, appellant file with this Court proof that she has requested and paid or made arrangements to pay for preparation of the reporter's record, or the Court will consider and decide only those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 34.6(b)(1), 35.3(b)(2), (b)(3), (c), 37.3(c).

Finally, it is ORDERED that the district clerk either file the clerk's record or notify this Court of the reason why the clerk's record has not been filed within 30 days of the date of this order.[4]

**PER CURIAM**

Panel consists of Justices Higley, Sharp, and Huddle.

---

[4]    Appellant attached receipts to her challenge to the trial court's order showing that she had made eight payments of $25 each to the district clerk's office.