**Order issued March 20, 2013**



In The

# Court of Appeals

For The

# First District of Texas

―――――――

## NO. 01-11-00588-CV

―――――――

**MARIA MAY, Appellant**

**V.**

**HYDROCHEM INDUSTRIAL SERVICES, Appellee**

On Appeal from the 405th District Court
Franklin County, Texas
Trial Court Cause No. 08CV1074

## MEMORANDUM ORDER

Appellant, Maria May, sued appellee, Hydrochem Industrial Services, for wrongful termination. A jury found in favor of appellee, and the trial court granted appellee's motion for judgment on the verdict. Appellant filed a notice of appeal

and an affidavit of indigence, claiming that she was unable to pay the costs of appeal. Appellant challenges the trial court's order sustaining a contest to her indigence claim. *See In re Arroyo*, 988 S.W.2d 737, 739 (Tex. 1998).

We affirm the trial court's order.

## Standard of Review and Principles of Law

Texas Civil Practice and Remedies Code section 13.003 sets out the statutory requirements that must be met for an appellant to obtain a free record on appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a) (West 2002). Section 13.003 states, in pertinent part, that a trial court clerk and court reporter shall provide a record for appeal without cost only if:

> (1) an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and
>
> (2) the trial judge finds:
>
> (A) the appeal is not frivolous; and
>
> (B) the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal.

*Id.* Thus, to obtain a free record on appeal, an appellant must both file an affidavit of indigence under the Rules of Appellate Procedure and request certain findings from the trial court.

2

Affidavits of indigence are governed by Rule of Appellate Procedure 20.1.[1] TEX. R. APP. P. 20.1; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(1) (requiring that affidavit of indigence be filed in accordance with Rules of Appellate Procedure). Rule 20.1 allows a party to proceed on appeal without advance payment of costs[2] if (1) the party files an affidavit of indigence in compliance with the rule, (2) the indigence claim is either not contestable, is not contested, or, if contested, the contest is not sustained by written order, and (3) the party timely files a notice of appeal. *See* TEX. R. APP. P. 20.1(a)(2).

Generally, the appellant must file the affidavit of indigence in the trial court "with or before the notice of appeal." TEX. R. APP. P. 20.1(c)(1). The affidavit must identify the party filing the affidavit, state the amount of costs the party can pay, if any, and present complete information about the party's financial condition. *See* TEX. R. APP. P. 20.1(b).

The trial court clerk, court reporter, or any interested party may file a contest to the affidavit of indigence, but must do so within 10 days after the date the

---

[1] Rule 20.1 was amended, effective March 1, 2012. *See* Order Adopting Amendments to Texas Rule of Civil Procedure 306, Texas Rules Of Appellate Procedure 20, 25, 28, 32, and 35, and Texas Rule Of Judicial Administration 6, Misc. Docket No. 11–9251 (Tex. Dec. 12, 2011). Appellant challenges the trial court's order signed July 27, 2011. Accordingly, we apply the former version of Rule 20.1 in this case.

[2] Rule 20.1(m) defines "costs" as the filing fee and the charges for preparing the appellate record. TEX. R. APP. P. 20.1(m).

affidavit is filed. TEX. R. APP. P. 20.1(e).  Within 10 days after a contest is filed, the trial court must either conduct a hearing or sign an order extending the time for the hearing no more than 20 days from the date of the order.  TEX. R. APP. P. 20.1(i).

At the hearing on the contest, the appellant bears the burden to prove her indigence by a preponderance of the evidence.  *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008); *see* TEX. R. APP. P. 20.1(g); *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.).  The party contesting the affidavit then has the burden to offer evidence to rebut what was established.  *See Griffin Indus., Inc. v. Hon. Thirteenth Court of Appeals*, 934 S.W.2d 349, 352 (Tex. 1996). "The test for determining indigence is straightforward: 'Does the record as a whole show by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if [s]he really wanted to and made a good-faith effort to do so?'" *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011) (quoting *Higgins*, 257 S.W.3d at 686).

Unless, within the period set for the hearing, the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true and the party will be allowed to proceed without advance payment of costs.  TEX. R. APP. P. 20.1(i)(4); *see C.H.C.*, 331 S.W.3d at 429; *Higgins*, 257 S.W.3d at 688.  When the

4

trial court sustains the contest to the appellant's affidavit, the appellant may obtain the record pertaining to the trial court's ruling and may challenge that ruling as part of her appeal. *See Arroyo*, 988 S.W.2d at 738–39.

We review the trial court's order under an abuse of discretion standard. *White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied). The trial court abuses its discretion if it acts without reference to any guiding rules or principles or in an arbitrary or unreasonable manner. *Id.* Rule 20.1 is to be interpreted "liberally in favor of preserving appellate rights." *See Higgins*, 257 S.W.3d at 686.

## Analysis

Appellant timely filed an affidavit of indigence, which appellee timely contested. *See* TEX. R. APP. P. 20.1(c)(1), (e). After a hearing, the trial court timely signed an order sustaining the contest. *See* TEX. R. APP. P. 20.1(i). Appellant challenges the trial court's order sustaining the contest to her affidavit of indigence and ordering that she pay the costs of her appeal. The Court granted appellant's motion to file a brief, and appellee has also filed a brief.

Insofar as appellant challenges the trial court's order with respect to the filing fee for the appeal, the record shows that appellant stated in her affidavit and in her

5

testimony at the hearing that she is able to pay the filing fee for the appeal. Hence, appellant has not asserted that she is indigent with respect to the filing fee.

Insofar as appellant challenges the trial court's order with respect to the costs of the appellate record, by failing to request or obtain the findings required by Civil Practice and Remedies Code section 13.003, appellant has failed to meet the statutory requirements for receiving a free record and has failed to preserve any error upon which we could reverse the trial court's order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003. Section 13.003 expressly provides that a court reporter or clerk shall provide a record without cost "only if": (1) an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and (2) the trial court finds: (A) the appeal is not frivolous; and (B) the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a). The record before us does not reflect any findings as required by section 13.003(a)(2). *See id.* In addition, the record does not reflect any request for such findings by appellant or any objection or complaint to the trial court regarding the absence of such findings. Furthermore, appellant has not raised the absence of such findings as error in this Court. *See* TEX. R. APP. P. 33.1; *Schlapper v. Forest*, 272 S.W.3d 676, 678 (Tex. App.—Austin 2008, pet. denied) (concluding that appellant had failed to preserve

any issue for review by failing to obtain or request the findings required by section 13.003); *Rhodes v. Honda*, 246 S.W.3d 353, 356 n.4 (Tex. App.—Texarkana 2008, no pet.) (noting that it would be error to reverse trial court and allow appellant to obtain free record without required statutory findings).

Even if we consider the evidence presented, however, appellant cannot prevail on her indigence claim with respect to the costs of the record. By her affidavit, appellant declared that she has monthly income of $700 from her part-time job, $675 from child support, and $526 from food stamps; she does not have a spouse; has one child dependent; she does not own any real property; she does not own a vehicle or other personal property, except home furnishings, clothing, and inexpensive jewelry; she has $65 in cash on deposit; she has monthly expenses of $935 in rent, $200 in electricity, $80 for water, $28 for natural gas, $99 for cellular telephone, and $39 for cable television; she owes $14,300 in student loans; she is unable to obtain a loan; she was represented at trial by an attorney on a contingency fee basis, but she is proceeding on appeal pro se; and she does not have the skills or access to equipment to prepare an appendix, as required by Rule 38.5. *See* TEX. R. APP. P. 20.1(b).

At the hearing, appellant testified that she receives food stamps and that, since 2007, when she lost the job made the basis of this lawsuit, she has been

employed part-time and has been looking for work, but has been unable to secure full-time employment. Her credit is damaged because her vehicle was repossessed. Thus, she is without her own transportation and is unable to obtain a loan. She has been borrowing money from family and friends.

Appellant testified that she is dependent on food stamps. The supreme court has held that evidence that a person "is dependent upon the charity of the public afforded through the various welfare programs is, by itself, prima facie evidence that the person is financially unable to pay the court costs or give security therefor." *Griffin Indus., Inc.*, 934 S.W.2d at 351. "When a prima facie case of dependence on public assistance has been established, opposing parties bear the burden of introducing some evidence that the witness is not dependent on food stamps or that *other funds are available*." *Id*. at 352 (emphasis added).

At the hearing, appellee pointed out that appellant's testimony demonstrates that she has other funds available. Namely, appellant testified that she has other income of $1375 each month, from which she spends $99 on cellular telephone and $39 on cable television.

From this evidence, the trial court could have reasonably concluded that appellant has $138 available each month that she uses for discretionary services and that could be used for the costs of appeal. *See In re A.L.V.Z.*, 352 S.W.3d 568, 571

8

(Tex. App.—Dallas 2011, no pet.) (holding that trial court did not abuse its discretion in sustaining contest to affidavit of indigence when appellant testified that she paid for discretionary services, including cable television and Internet access, notwithstanding appellant's dependence on social security disability benefits); *see e.g.*, *Adams v. Ross*, No. 01-11-00552-CV, 2012 WL 5381218, at *3 (Tex. App.—Houston [1st Dist.] Nov. 1, 2012, order) (not designated for publication) (concluding that trial court did not abuse its discretion by sustaining contest to affidavit of indigence when evidence established that appellant's expenses included discretionary services, namely, cellular telephone and Internet).

In addition, at the hearing, appellee directed the trial court to appellant's testimony that she is able to work full-time, but does not. Appellant testified that she has been unable to find full-time work since 2007, when she lost the job made the basis of this suit. Thus, four years elapsed between appellant's job loss and the indigence hearing. Appellant did not submit any evidence of her efforts.

As the fact-finder, the trial court is the sole judge of the credibility of the witnesses and evidence. *See Prince v. Am. Bank of Tex.*, 359 S.W.3d 380, 382 (Tex. App.—Dallas 2012, no pet.). From the testimony offered at the hearing, the trial court could have concluded that appellant was intentionally underemployed. *See Basaldua v. Hadden*, 298 S.W.3d 238, 241–42 (Tex. App.—San Antonio 2009, no

pet.) (affirming trial court's order sustaining contest when appellant stated that he earned $500 per month, had expenses of $390 per month, and that he was not working as much as he could); *see e.g.*, *Caldwell v. Caldwell*, No. 03-10-00292-CV, 2012 WL 3704978, at *3 (Tex. App.—Austin, Aug. 1, 2012, order) (not designated for publication) (affirming trial court's finding that appellant was not indigent, notwithstanding his dependence on food stamps, because he had not shown any evidence of his attempts to find employment).  There can be no abuse of discretion if some evidence supports the trial court's decision, as here.  *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998).  We may not reverse the trial court's decision simply because we might have reached a different result. *See Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 242 (Tex. 1985).

Moreover, although appellant testified at the hearing that she estimated the cost of the clerk's record to be $100.00 and the cost of the reporter's record to be $2,000.00, she did not submit any evidence from the district clerk or court reporter regarding the costs of the record. *See e.g.*, *Adams*, No. 01-11-00552-CV, 2012 WL 5381218, at *3 (noting absence of evidence regarding costs).

In sum, on the record before us, we cannot conclude that the trial court abused its discretion by sustaining the contest to appellant's affidavit of indigence. *See id.*  Accordingly, we affirm the trial court's order.

Because appellant has not established indigence, it is **ORDERED** that appellant pay the filing fee for this appeal no later than **10 days** from the date of this order. It is further **ORDERED** that appellant file with this court no later than **30 days** from the date of this order, proof that she has paid, or has made arrangements to pay, the fees for preparing the clerk's record and, if any, the reporter's record. *See* TEX. R. APP. P. 34.5, 34.6, 35.3.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Brown.