**Affirmed and Opinion Filed March 9, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00138-CV

## IN THE INTEREST OF T.J.S., A CHILD

### On Appeal from the 330th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DF-14-15124

## MEMORANDUM OPINION
Before Chief Justice Wright and Justices Lang-Miers and Brown
Opinion by Chief Justice Wright

Before the Court is the motion of appellant David Swingle requesting appellate review of the trial court's order sustaining the court reporter's contest to his affidavit of indigence. The trial court held a hearing on the contest and signed an order sustaining it on February 19, 2015.

In reviewing a trial court's order sustaining a contest to an affidavit of indigence, our task is to determine whether the court abused its discretion. *See Jackson v. Tex. Bd. of Pardons & Paroles*, 178 S.W.3d 272, 275 (Tex. App.—Houston [1st Dist.] 2005, no pet.). The trial court abuses its discretion when it acts without reference to any guiding rules or principles; the facts and law permit only one decision, which is the opposite of the trial court's decision; and the trial court's ruling is so arbitrary and unreasonable as to be clearly wrong. *See Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (en banc). As the fact finder, the trial court is the sole judge of the credibility of the witnesses and evidence. *See Prince v. American Bank of Texas*, 359 S.W.3d 380, 382 (Tex. App.—Dallas 2012, no pet.).

The test for indigence is whether the appellant shows by a preponderance of the evidence that he would be unable to pay the costs of appeal if he "really wanted to and made a good faith effort [to] do so." *See Arevalo*, 983 S.W.2d at 804 (quoting *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex. 1980)). A trial court can consider a number of factors when determining the validity of a challenge to an affidavit of indigence. Some of these factors include whether the litigant is dependent upon public charity afforded through various welfare programs, *Goffney v. Lowry*, 554 S.W.2d 157, 159-60 (Tex. 1977); the litigant's credit rating, *Pinchback v. Hockless*, 139 Tex. 536, 164 S.W.2d 19 (1942); the litigant's employment history, *Goffney* 554 S.W.2d at 160; and that the litigant cannot secure a bona fide loan to pay the costs, *Pinchback*, 164 S.W.2d at 20. Also, if a party owns valuable property which he could dispose of and thereby secure the necessary funds without depriving himself or his family of the necessities of life, he should be required to pay the costs. *See Pinchback*, 164 S.W.2d at 19. Failing to use assets that could be used to provide funds for paying the record constitutes the opposite of a good faith effort. *See White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet denied) (per curiam).

Appellant works approximately forty hours a week at a Starbuck's located inside a grocery store. He earns $7.55 an hour. According to his affidavit, his monthly net income is $1,023.66 and his monthly expenses total $1,023.32. He has two bank accounts which together total $57.71. He rents a room in a house and his father pays the $120 weekly rent. Appellant does not receive any public assistance. He also acknowledged that he had a boat but that it had been sold. He did not have any proof of the sale or state when the boat was sold.

Appellant testified that he had not investigated whether he could obtain a loan. He testified that his credit rating was not good but he did not have any proof. During argument, it came to light that appellant has published an ebook on Amazon. Although appellant said that the

ebook was published on February 13, 2015, he made no mention in his affidavit that an ebook was soon to be published.

The record shows that appellant made no attempt to obtain a loan to cover the costs of the appeal. He also sold a boat but provided no information as to what happened to the money from that sale. Also, appellant was not completely forthcoming in his affidavit because he failed to inform the trial court that he was soon to have an ebook published on Amazon. For these reasons, we conclude the record does not show a good faith effort on appellant's part to pay the appellate costs. We affirm the trial court's order.

150138F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE