**GRANT and REVERSE Order; and Opinion Filed June 4, 2015.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-15-00547-CV

### IN THE INTEREST OF K.V.K, A CHILD

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-12-19679**

# MEMORANDUM OPINION ON MOTION FOR REVIEW OF TRIAL COURT ORDER SUSTAINING CONTEST TO AFFIDAVIT OF INDIGENCE

Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Justice Stoddart

Appellant filed an affidavit of indigence seeking to proceed in this appeal without advance payment of costs. *See* TEX. R. APP. P. 20.1(a)(2). Appellee contested the affidavit and, following a hearing, the trial court sustained the contest. *See id.* 20.1(e)(1),(i)(4). Appellant now seeks review of the trial court's order. *See id.* 20.1(j). She asserts several complaints, but we find dispositive her argument that her testimony and supporting documentation showing she receives public assistance satisfied her burden of proving she is unable to pay the costs of this appeal. *See id.* 20.1(g)(1). Accordingly, we grant the motion and reverse the trial court's order.

### BACKGROUND

The trial court sustained the contest following the testimony of appellant, appellant's friend, and appellant' ex-boyfriend. The uncontradicted testimony of these witnesses reflects appellant is a single mother of two young children. She has outstanding student loans in excess

of $40,000 and outstanding credit card debt of approximately $18,000. Her monthly expenses, excluding her credit card and loan payments, average between $2350 and $2450 and consist of the following:

| | |
|---|---|
| •mortgage payment | $1144,00 |
| •baby "stuff" (diapers, bottles, clothes, toys, entertainment) | $ 300.00 |
| •Garland utilities | $ 350.00 |
| •home phone service, internet, and basic cable | $ 95.00 |
| •automobile insurance | $ 81.00 |
| •daycare costs | $ 150.00 |
| •electricity payment to TXU | $ 100.00 - $200.00 |
| •toilet paper, soap, cleaning supplies | $ 50.00 |
| •Atmos gas | $ 37.00 |
| •gasoline for automobile | $ 40.00. |

She is "frequently unable to make all these payments" and is unable to make any payments on her credit card debt and student loans. Aside from her house, her assets include a 2004 Toyota Prius, house furnishings, and personal effects. She is unemployed but has worked in the past as a process server and notary public. Her friend and ex-boyfriend have given her in excess of $30,000 to help pay her bills, and she receives $851 per month in child support and $511 in food stamps.[1]

These witnesses also testified regarding $18,000 in insurance proceeds appellant received in November 2014 as a result of hail damage to her roof. Appellant testified she used the proceeds for the needed repairs. Her ex-boyfriend, however, testified the repairs cost only $2,000 and appellant "pocketed" the rest, and the testimony of appellant's friend suggested she tried to use part of the proceeds to repay some of the money he had given her.

### STANDARD OF REVIEW AND APPLICABLE LAW

The test for determining indigence is whether the record as a whole shows "by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part

---

[1] The amount appellant received in food stamps was corroborated by a letter addressed to appellant from the Texas Health and Human Services Commission.

thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so[.]" *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011) (citing *Higgins v. Randall Cnty. Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008)). This standard is met by proof that the applicant depends on public assistance. *Griffin Indus., Inc. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996); *see also Goffney v. Lowry*, 554 S.W.2d 157, 159-160 (Tex. 1977) ("The fact that any individual is dependent upon the charity of the public afforded through the various welfare programs is, by itself, prima facie evidence that the person is financially unable to pay the court costs or give security therefor."). To overcome this proof, a party contesting the affidavit must offer "*evidence* . . . that the [applicant] is not dependent on food stamps or that other funds are available." *Griffin Indus.*, 934 S.W.2d at 352 (citing *Sansom v. Sprinkle*, 799 S.W.2d 776, 778 (Tex. App.-–Fort Worth 1990, orig. proceeding)).

In reviewing a trial court's ruling on a contest to an affidavit of indigence, we apply an abuse of discretion standard and defer to the trial court's credibility determinations. *Prince v. Am. Bank of Tex.*, 359 S.W.3d 380, 382 (Tex. App.—Dallas 2012, no pet.); *Basaldua v. Hadden*, 298 S.W.3d 238, 241 (Tex. App.-–San Antonio 2009, no pet.) (per curiam). Under this standard, we may not reverse the trial court's decision simply because we might have reached a different result; we may reverse only if the trial court acted without reference to any guiding rules or principles or in an arbitrary and unreasonable manner. *Basaldua*, 298 S.W.3d 241; *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).

## DISCUSSION

The trial court offered no explanation for sustaining the contest either at the hearing when it announced its ruling or in its order, and the only evidence showing appellant may have funds available to pay for the costs of this appeal is the testimony of appellant's friend and appellant's ex-boyfriend concerning the insurance proceeds. However, neither of these witnesses offered evidence showing that any portion of those proceeds were in fact available to appellant at the

–3–

time she filed this appeal or are now available. While the trial court, as the fact-finder, was required to evaluate appellant's credibility, the court was not free to disregard the only positive evidence establishing appellant's dependence on public assistance and her inability to pay costs when no *evidence* was offered in rebuttal. *See Griffin Indus.*, 934 S.W.2d at 352; *cf. Caldwell v. Caldwell*, No. 03-10-00292-CV, 2012 WL 3704978 (Tex. App.—Austin 2012, no pet.) (order) (although appellant averred in his affidavit that he was unemployed and received food stamps, trial court did not err in sustaining contest where appellant admitted he voluntarily terminated his employment and he offered no evidence in support of statements in affidavit); *Kastner v. Tex. Bd. of Law Exam'rs,* No. 03-10-00355-CV & 03-10-00462-CV, 2011 WL 3659146 (Tex. App.—Austin 2011, no pet.) (mem. op.) (although appellant averred in his affidavit that he was receiving food stamps and attached documentation showing an allotment of $16 per month, trial court did not abuse discretion in sustaining contest to affidavit where appellant was employed and had access to income other than government entitlement).

On the record before us, we conclude the trial court abused its discretion in sustaining the contest. We grant appellant's motion and reverse the trial court's order. Appellant is allowed to proceed with this appeal without advance payment of costs.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

150547F.P05

–4–