

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-18-00013-CV

ELFREDA CHERIE ALLEN                                          APPELLANT

V.

BANK OF AMERICA, N.A. AND                                     APPELLEES
LENDER'S COMMERCIAL
FINANCE, LLC

----------

### FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 096-296504-17

----------

## MEMORANDUM OPINION[1]

----------

Appellant Elfreda Cherie Allen appeals the trial court's order sustaining the district clerk's contest of her statement of inability to afford payment of court costs and requiring her to pay court costs. *See* Tex. R. Civ. P. 145. We will affirm the trial court's order.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

Allen, appearing pro se, filed a statement of inability to afford payment of court costs in the proceedings below. Allen's statement reflected that she did not receive public benefits, had no sources of income, and owned no property of value. The statement included a declaration that the information provided was true and correct. The Tarrant County District Clerk filed a motion contesting Allen's inability to pay court costs and attached an affidavit by Roberta Jackson, the assistant manager of the civil/tax section of the district clerk's office. Jackson attested that Allen's statement was materially false because, at the time she completed the statement, Allen was the owner of $38,338.98 on deposit in the registry of the court in cause number 236-B39393-09. According to Jackson, the money was the result of a sale of Allen's property after foreclosure by taxing authorities. Jackson also stated that she had discovered, through the Tarrant Appraisal District and Dallas Central Appraisal District websites, that Allen appeared to own several other properties located in Fort Worth and Desoto.

The trial court held a hearing on January 3, 2018. The hearing was scheduled to begin at 3:00 p.m. At 3:40 p.m., the trial court noted on the record that Allen had not appeared and proceeded with the hearing. Counsel for the district clerk acknowledged that a letter had been sent to Allen on December 12, 2017, to notify her of the hearing setting and explained that Allen had responded to the letter that she "would not consent" to its service. The trial court found that Allen had received proper notice of the hearing.

2

The trial court took judicial notice of the district clerk's motion and Jackson's affidavit and it granted the district clerk's motion. In its written order signed January 5, 2018, the trial court made the following findings:

- Allen failed to appear at the hearing although she was properly notified of the hearing date and time by the district clerk's office.

- Allen failed to meet her burden to prove her inability to afford court costs.

- Jackson's affidavit contained true and correct information within Jackson's personal knowledge, including the following:

  - On July 26, 2016, Allen received notice of excess funds held in the registry of the 236th District Court;

  - Jackson observed Allen at a hearing related to those excess proceeds on August 22, 2016; and

  - There is a current balance of $38,338.98 in the registry of the 236th District Court that would be available to Allen to pay court costs.

Based on these findings, the trial court found that Allen's affidavit of inability to afford payment of court costs was materially false when it was made and ordered Allen to pay court costs in order to proceed with her litigation in the trial court.

## Discussion

Texas Rule of Civil Procedure 145 exempts a party from paying court costs if the party files a statement showing she does not have the funds to pay. *See* Tex. R. Civ. P. 145(a), (c). However, the district clerk may challenge the statement of inability to pay costs by motion. Tex. R. Civ. P. 145(f)(1)–(4). The burden is on the declarant to prove the inability to afford costs. Tex. R. Civ. P.

145(f)(5). The trial court may order the declarant to pay that part of the costs she can afford or to pay in installments. Tex. R. Civ. P. 145(f)(7).

We review the trial court's order requiring the declarant to pay costs for an abuse of discretion and will affirm the order unless the record reflects that the trial court acted in an arbitrary and unreasonable manner or without reference to any guiding rules or principles. *See In re A.L.V.Z.*, 352 S.W.3d 568, 570 (Tex. App.—Dallas 2011, no pet.); *White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.—San Antonio 2001, pet. denied). The central inquiry under rule 145 "is not merely whether [the declarant] can pay costs, but whether [the declarant] can afford to pay costs" and still pay for "basic essentials, like housing or food." *See* Tex. R. Civ. P. 145, cmt.

Allen did not meet her burden to prove that she could not afford to pay court costs. Tex. R. Civ. P. 145(f)(5); *see, e.g., In re J.S.*, No. 05-17-00341-CV, 2017 WL 1455406, at *2 (Tex. App.—Dallas Apr. 20, 2017, no pet.) (mem. op.) (holding appellant did not meet her burden to show inability to pay for reporter's record where her monthly income exceeded her expenses by $300 and appellant did not submit evidence of reporter's fee). In fact, the record reflects that there is $38,338.98 belonging to Allen that is being held in the registry of the 236th District Court. We also note that if we consider Allen's affidavit, she declared that she had no monthly expenses or debts. With $38,338.98 on deposit in the court registry, Allen therefore has sufficient funds available to pay court costs while still being able to afford basic essentials. The trial court did not abuse its discretion

4

by sustaining the district clerk's challenge to Allen's statement of inability to afford payment of court costs.

## Conclusion

Having held that the trial court did not abuse its discretion in sustaining the district clerk's contest, we affirm the trial court's order.

PER CURIAM

PANEL:  SUDDERTH, C.J.; MEIER and PITTMAN, JJ.

DELIVERED:  March 1, 2018