

# NUMBER 13-21-00021-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GORDON DEAN HALEY,
ANTON SCOTT HALEY,
GORDON DEAN HALEY
AS INDEPENDENT CO-EXECUTOR
OF THE ESTATE OF MARGARET L. HALEY,
AND ANTON SCOTT HALEY AS
INDEPENDENT CO-EXECUTOR OF
THE ESTATE OF MARGARET L. HALEY,                      Appellants,

v.

BENEFICIAL FINANCIAL I INC.,
SUCCESSOR BY MERGER TO
BENEFICIAL TEXAS, INC.,                               Appellee.

On appeal from the 94th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva**
**Memorandum Opinion by Justice Benavides**

Proceeding pro se, appellants Gordon Dean Haley and Anton Scott Haley, individually and as independent co-executors of the estate of Margaret L. Haley, appeal from the entry of a judgment nunc pro tunc. On our own motion, we dismiss the appeal for want of prosecution.

## I.    BACKGROUND

In 2015, Beneficial Financial I Inc., successor by merger to Beneficial Texas, Inc. (Beneficial), filed suit for judicial foreclosure on a home-equity loan secured by property inherited by appellants in 2011. *See Haley v. Beneficial Fin. I Inc.*, No. 13-18-00058-CV, 2019 WL 2709015, at *1 (Tex. App.—Corpus Christi–Edinburg June 28, 2019, no pet.) (mem. op.). The trial court granted summary judgment in favor of Beneficial, and we affirmed the judgment on June 28, 2019. *Id.*

On September 13, 2019, before our mandate issued, appellants notified the Court that they had each filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division. Accordingly, we abated the appeal. *See* TEX. R. APP. P. 8.2. On November 25, 2019, the bankruptcy court dismissed both cases with prejudice to refiling for a period of 180 days. We subsequently reinstated the appeal and issued our mandate on March 4, 2020.

On November 24, 2020, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-D (Wilmington) filed a motion for judgment nunc pro tunc as Beneficial's successor in interest to the note. In the motion, Wilmington asked the trial court to correct a typographical error in the judgment—an incorrect zip code for the property—that was preventing it from executing the judicial

2

foreclosure. The trial court granted the motion on December 16, 2020, and the court signed a corrected judgment on January 11, 2021.

On January 13, 2021, appellants filed their notice of appeal. The notice does not refer to the prior appeal or indicate that appellants should be presumed indigent. Appellants also failed to file a docketing statement. *See* TEX. R. APP. P. 32.1(k) (requiring an appellant to file a docketing statement, which includes, among other information, whether the appellant filed a Statement of Inability to Afford Payment of Court Costs in the trial court).

On January 26, 2021, the Clerk of the Court notified appellants that they were delinquent in remitting the $205 filing fee. On January 28, 2021, Gordon Haley filed a Statement of Inability to Afford Payment of Court Costs in this Court that he executed on January 14, 2021. In the statement, Gordon Haley declared that his monthly income of $5,093.08 is exceeded by his total monthly expenses of $5,275.00, he has $60,000.00 of equity in his residence, and he has $2,269.80 in cash and deposits on hand. Among his expenses, Haley claimed to be paying $1,000 a month for "Legal Representation." He further declared that he is not represented by legal aid, did not apply for representation by legal aid, and does not receive any public benefits or government entitlements "based on indigency."[1] On February 11, 2021, we abated the appeal and allowed any interested party to contest the claim of indigence in the trial court within ten days of our order.

---

[1] Gordon Haley claimed that he "receive[s] benefits from the Public Service Loan Forgiveness Program (PSLF)." As the name suggests, the PSLF is designed "[t]o encourage student loan recipients to enter and remain employed in public service jobs." *Lawson-Ross v. Great Lakes Higher Educ. Corp.*, 955 F.3d 908, 911 (11th Cir. 2020) (citing College Cost Reduction and Access Act, Pub. L. No. 110-84 § 401, 121 Stat. 784, 800 (2007)). A participant must meet several criteria to qualify for loan forgiveness upon completion of the program; however, indigency is not one of them. *See* 20 U.S.C.A. § 1087e(m)(1).

On Monday, February 22, 2021, Wilmington filed a challenge in the trial court. Wilmington contended that Gordon Haley's January 2021 statement contained several materially false statements and omissions, and to support its argument, Wilmington attached, among other documents, a schedule of Gordon Haley's assets that he filed in his bankruptcy proceeding in October 2019. Among the assets listed were $43,635.25 in a pension plan, $1,480 in crypto currency, and personal items valued at $6,250, including a $1,300 piano and $700 in hand and power tools. None of these items were included in his January 2021 statement filed in this Court. Wilmington also included a document showing that on December 12, 2019, Gordon Haley purchased a 2019 Dodge Challenger SXT Coupe.

On March 10, 2021, appellants objected to our February 11, 2021 order of abatement, claiming for the first time in writing that they previously filed affidavits of indigence in January of 2018 in conjunction with their first appeal. They argued that under Texas Rule of Appellate Procedure 20.1(b)(1), they could rely on these previous statements, and therefore, we could not require them to pay a filing fee in this appeal. *See* TEX. R. APP. P. 20.1(b)(1).

On March 19, 2021, we lifted our abatement and withdrew our February 11 order. We noted that the appellate record in this appeal did not contain the purported affidavits of indigence filed in January of 2018, and we directed the trial court clerk to supplement the record with any such affidavits, any challenges to indigence, and all related orders and findings by the trial court.

4

We received the clerk's supplemental record on March 22, 2021. It included affidavits of indigence filed by Gordon and Anton Haley in the trial court in January 2018. Each claimed they could not afford to pay any of the fees associated with the previous appeal from the summary judgment. In his affidavit, Gordon Haley stated that his then-monthly income was $3,141. These affidavits were uncontested, and appellants were allowed to proceed without paying court costs in the previous appeal.

On March 19, 2021, the same day we withdrew our order of abatement, the trial court held a hearing via Zoom on Wilmington's challenge to Gordon Haley's 2021 statement. The trial court called the hearing, and Wilmington made an appearance. A person identified by the court as "iPhone, Sonia Moreno" joined the conference without video and did not respond to the court's request to identify themselves. Appellants did not appear. After hearing Wilmington's argument and accepting its evidence into the record, including the bankruptcy schedules, the trial court announced that it was finding appellants "not indigent." On July 13, 2021, the trial court issued findings of fact and conclusions of law to that effect.

On July 15, 2021, this Court notified appellants by letter that if they did not remit the $205 filing fee within ten days, the appeal would be dismissed. Appellants filed a "response" to our letter, maintaining that they were not required to pay the filing fee.

On July 27, 2021, this Court sent appellants a "final notice" to remit the filing fee within five days. To date, appellants have not remitted the filing fee.

## II.     STANDARD OF REVIEW & APPLICABLE LAW

We review a trial court's order sustaining a contest to an affidavit of indigence for

5

an abuse of discretion. *In re A.L.V.Z.*, 352 S.W.3d 568, 570 (Tex. App.—Dallas 2011, no pet.) (citing *Jackson v. Tex. Bd. of Pardons & Paroles*, 178 S.W.3d 272, 275 (Tex. App.—Houston [1st Dist.] 2005, no pet.)). "The trial court abuses its discretion when it acts without reference to any guiding rules or principles; the facts and law permit only one decision, which is the opposite of the trial court's decision; and the trial court's ruling is so arbitrary and unreasonable as to be clearly wrong." *Id.* (citing *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (en banc)). "In determining whether the trial court abused its discretion, we view the evidence in the light most favorable to the trial court's action, indulging every presumption in favor of the judgment." *Garza v. Att'y Gen.*, 166 S.W.3d 799, 811 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.).

When a party files a Statement of Inability to Afford Payment of Court Costs in the trial court, an initial presumption of indigency attaches to the party, and the party cannot be required to pay court costs except by order of the court. TEX. R. CIV. P. 145(a).[2] Rule 145 also provides a mechanism to challenge a party's declaration. *See id.* R. 145(f). For example, any party may move to require the declarant to pay costs upon sworn evidence that either the statement was materially false when it was made or that because of changed circumstances, the statement is no longer true in material ways. *Id.* R. 145(f)(1). Additionally, when faced with evidence of changed circumstances, a trial court may revisit an indigency designation sua sponte. *Id.* R. 145(f)(4). "At the hearing, the burden is on

---

[2] We are citing to the version of Rule 145 that was in effect from June 1, 2020, until April 14, 2021 *See* TEX. R. CIV. P. 145, 84 Tex. B.J. 161–63 (Tex. 1941, amended 2021). Within this timeframe, Gordon Haley filed his 2021 statement, Wilmington filed its challenge to the statement, and the trial court sustained the challenge.

the declarant to prove the inability to afford costs." *Id.* R. 145(f)(5). There is no express deadline to challenge a declaration of indigency in the trial court. *See id.* R. 145.

"A party who filed a Statement of Inability to Afford Payment of Court Costs in the trial court is not required to pay costs in the appellate court unless the trial court overruled the party's claim of indigence in an order that complies with Texas Rule of Civil Procedure 145." TEX. R. APP. P. 20.1(b)(1). To establish its right to proceed without payment of costs, "a party must communicate to the appellate court clerk in writing that the party is presumed indigent under this rule." *Id.* R. 20.1(b)(2). Where no statement was previously filed in the trial court, the appellate court may permit a party to proceed without payment of costs by filing a statement in the appellate court. *Id.* R. 20.1(c). In such cases, an appellate court may, by written order, deny a request to proceed without payment of costs. *Id.*

## III. ANALYSIS

Appellants do not directly attack the trial court's order sustaining Wilmington's challenge to their indigency; instead, they contend that because their affidavits from January 2018 were uncontested, the trial court could not revisit their claims of indigency.[3] They principally rely on *In re Heredia* for the proposition that, under Texas Rule of Appellate Procedure 20.1(f), "an affidavit of indigence filed in a trial court is operative unless challenged within ten days of its filing." 501 S.W.3d 70, 71 (Tex. 2016) (per

---

[3] We are considering appellants' various filings, both before and after the trial court's order sustaining the challenge to indigency, as a motion in this Court under Rule 145. *See* TEX. R. CIV. P. 145(g); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997) ("[W]e have instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." (citing *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993) (per curiam))).

7

curiam). However, Rule 20.1 was amended in 2016. TEX. R. APP. P. 20.1, 79 Tex. B.J. 701 (Tex. & Tex. Crim. App. 1986, amended 2016). The current version of Rule 20.1 only applies to filing fees charged by appellate courts, and it no longer contains subsection (f). *See* TEX. R. APP. P. 20.1. Instead, Rule of Civil Procedure 145(f) governs challenges to indigency, and, unlike former Rule 20.1(f), it contains no express deadline to challenge a claim of indigency. *See* TEX. R. CIV. P. 145(f). Moreover, a trial court may require a declarant to prove the inability to afford costs "[*w*]*henever* evidence comes before the court that the declarant may be able to afford costs." *Id.* R. 145(f)(4) (emphasis added).

Importantly, when appellants filed their notice of appeal, they failed to "establish the right to proceed without payment of costs" by communicating to our clerk in writing that they should be presumed indigent based on their January 2018 affidavits. TEX. R. APP. P. 20.1(b)(2). They did not include any such statement in their notice of appeal, and they did not file a docketing statement, which specifically prompts the party to indicate whether they filed a Statement of Inability to Afford Payment of Court Costs in the trial court.[4] *See id.* R. 32.1(k). Instead, appellants first informed the Court in writing that they were claiming indigency when Gordon Haley filed a Statement of Inability to Afford Payment of Court Costs in this Court on January 28, 2021.[5] Thus, based on the record before us, it appeared that Gordon Haley was asking this Court to determine his indigency. *See id.* R. 20.1(c). Accordingly, we abated the appeal and referred the matter

---

[4] Additionally, completing a docketing statement allows the appellant to alert the appellate court to any past related appeals.

[5] The Court later received a supplemental clerk's record with a copy of the same statement filed by Gordon Haley in the trial court seven days prior on January 21, 2021.

8

to the trial court. *See id.*; *see also League v. HSBC Bank USA, Nat'l Ass'n as Tr. For SG Mortg. Sec. Tr. 2005-OPT1*, 2019 WL 3956165, at *1 (Tex. App.—Fort Worth Aug. 22, 2019, no pet.) (mem. op.) (referring appellants' claim of indigency to the trial court to conduct a hearing and issue findings of fact). Therefore, even if an appellant may theoretically rely on an affidavit filed years earlier in a previous appeal, Gordon Haley invited fresh scrutiny to his claim of indigence when he filed his 2021 statement.

Wilmington, who was not a party in the previous appeal and was only aware of Gordon Haley's 2021 statement, filed a motion with sworn evidence in the trial court contesting Gordon Haley's claim of indigence. *See* Tex. R. Civ. P. 145(f)(1). Specifically, Wilmington argued that Gordon Haley's 2021 statement was materially false when it was made because he failed to disclose the true nature of his assets.[6] *See id.* R. 145(f)(1)(A). Thus, we disagree with appellants' contention that "there have not been any timely protests" to their claims of indigence. *See id.* R. 145(f)(1).

Although it was their burden to prove their inability to afford costs, appellants failed to appear at the trial court hearing. *See id.* R. 145(f)(5). Based on the record before us, the trial court did not abuse its discretion in determining appellants are not indigent. Simply put, it was reasonable for the trial court to conclude that a person who can afford to purchase a new sports car, has $60,000 in equity in their home, has at least $43,635.25 in a pension plan, and makes over $60,000 in annual income can also afford to pay a $205 filing fee. *See Garza*, 166 S.W.3d at 811. Having given appellants notice and an

---

[6] We also note, having had the benefit of comparing Gordon Haley's 2018 affidavit to his 2021 statement, that his financial circumstances appear to have materially changed for the better. *See id.* R. 145(f)(1)(B). Namely, his monthly income increased from $3,141 to $5,093, a nearly 62% increase.

adequate time to correct this formal defect, we dismiss the appeal for want of prosecution.
*See* TEX. R. APP. P. 44.3

## IV. CONCLUSION

The appeal is dismissed for want of prosecution. *See* TEX. R. APP. P. 42.3(b).


GINA M. BENAVIDES
Justice

Delivered and filed on the
26th day of August, 2021.